UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:26-cv-840

| | |
|---|---|
| **SUZANNE SMITH,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PIEDMONT AIRLINES, INC.,**<br><br>**Defendant.** | |

**DEFENDANT PIEDMONT AIRLINE INC.'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Piedmont Airlines, Inc. ("Piedmont") hereby files this Notice of Removal to the United States District Court for the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332 and in support would show the following:

## I. BACKGROUND

On April 2, 2026, Plaintiff Suzanne Smith filed her Original Complaint, styled *Suzanne Smith v. Piedmont Airlines, Inc.*, Cause No. 26CV018660-590, in the General Court of Justice Superior Court Division of Mecklenburg, North Carolina. In the Complaint, Plaintiff asserts causes of action based in contract and states that she seeks damages of "an amount in excess of $25,000." Ex. A-1, Compl., at 6.

Plaintiff served Piedmont on April 8, 2026 and Piedmont timely filed an answer in the General Court of Justice Superior Court Division on May 8, 2026. Ex. A-7, Answer.

On July 1, 2026, Piedmont served its First Set of Interrogatories and Requests for Production of Documents on Plaintiff. On September 4, 2026, Plaintiff responded to these discovery requests and stated, for the first time, that her damages were $179,359, exceeding the

required amount-in-controversy under 28 U.S.C. § 1332. *See* Exhibit A-20, at 3. Piedmont now removes this case from the General Court of Justice Superior Court Division of Mecklenburg, North Carolina to this Court. No significant proceedings have taken place in the General Court of Justice Superior Court Division.

## II. <u>GROUNDS FOR REMOVAL</u>

### A. The Court has diversity jurisdiction over Plaintiff's claims.

The Court's diversity jurisdiction extends to "all civil actions . . . between . . . citizens of a State and citizens or subjects of a foreign state" in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

Pursuant to Plaintiff's Complaint she is a resident of North Carolina. Ex. A-1, ¶ 1.

For purposes of diversity jurisdiction, a corporation is a citizen of the state of its incorporation as well as the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Piedmont is a corporation formed under Maryland law and its principal place of business is in Maryland. Ex. A-1, ¶ 2. Therefore, Piedmont is deemed a citizen of Maryland. Complete diversity therefore exists between the parties.

### B. The amount-in-controversy requirement is satisfied

The Court's diversity jurisdiction requires that the amount in controversy for Plaintiff's claims exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). While the Complaint initially stated that Plaintiff's claims sought damages "in excess of $25,000," Plaintiff stated for the first time in her September 4, 2026 discovery responses that she "reasonably approximates damages totaling at least $179,359." Exhibit A-20, at 3. By Plaintiff's own admission, therefore, the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

### C. Removal is procedurally proper under 28 U.S.C. §§ 1441 and 1446.

**1. Venue is proper in this Court.**

Removal venue is proper in the United States District Court for the Western District of North Carolina because this Court is the "district court of the United States for the district and division embracing" Mecklenburg County, North Carolina, where the state court action is currently pending. 28 U.S.C. § 1441(a).

**2. Removal is timely.**

Pursuant to 28 U.S.C. § 1446(b)(3), a notice of removal may be filed within 30 days of defendant receiving "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." Information in responses to discovery shall be treated as "other paper" for purposes of removal. 28 U.S.C. § 1446(c)(3)(A). On September 4, 2026, Plaintiff served her discovery responses stating, for the first time, that her damages were $179,359. This removal is therefore timely as it is being sought within 30 days of Piedmont learning that the amount-in-controversy exceeds $75,000. *See Hemphill v. Safeway, Inc.*, 430 F. Supp. 2d 517, 518–19 (D. Md. 2006) (holding removal timely when defendant first learned in discovery responses that plaintiff sought damages in excess of $75,000).

**3. Copies of all process, pleadings, and orders are filed herewith.**

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders served upon Piedmont in the General Court of Justice Superior Court Division of Mecklenburg, North Carolina are attached hereto as **Exhibit A**. A copy of this Notice of Removal will be filed this date with the Clerk of the General Court of Justice Superior Court Division of Mecklenburg, North Carolina and will be served on all parties along with all other documents required by Local Rule 73.1(b).

## III. CONCLUSION

Defendant Piedmont respectfully submits this notice of removal and hereby removes this action to this Court for further proceedings.

Dated this the 5th day of October 2026.

Respectfully submitted,

By: */s/ Kelsey N. Dorton*
Lauren G. Goetzl (NC Bar No. 55939)
Kelsey N. Dorton (NC Bar No. 55256)
**FISHER & PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
E-mail: lgoetzl@fisherphillips.com
Email: kdorton@fisherphillips.com

Elizabeth C. Thomas (TX Bar No. 24100166) *(admitted pro hac vice)*
Tyson Lies (TX Bar No. 24087927) *(admitted pro hac vice)*
Stephanie N. Garner (TX Bar No. 24142932) (*pending pro hac vice*)
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
E-mail: 4yson4eth.thomas@kellyhart.com
E-mail: 4yson.lies@kellyhart.com
E-mail: stephanie.garner@kellyhart.com

*Attorneys for Defendant Piedmont Airlines, Inc.*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No.: 3:26-cv-840**

| | |
|---|---|
| **SUZANNE SMITH,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PIEDMONT AIRLINES, INC.,**<br><br>**Defendant.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2026, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served Plaintiff's counsel of record via electronic mail and United States mail, postage prepaid, to Plaintiff's counsel:

Shawn A. Copeland, Esq.
Charles B. Melcombe, Esq.
Copeland Richards, PLLC
PO Box 430
Davidson, NC 28036
shawn@copelandrichards.com
charlie@copelandrichards.com
*Counsel for Plaintiff*

*/s/ Kelsey N. Dorton*
Kelsey N. Dorton
**FISHER & PHILLIPS LLP**