# EXHIBIT A

**Mecklenburg Superior Court**

# Case Summary

**Case No. 26CV018660-590**

| | | | |
|---|---|---|---|
| **Suzanne Smith VS Piedmont Airlines Inc.** | § | Location: | **Mecklenburg Superior Court** |
| | § | Filed on: | **04/02/2026** |

## Case Information

Case Type: General Civil Action

Case Status: **04/02/2026 Pending**

File Date 04/02/2026
**Cause of Action**
CV - Contract
**Description/Remedy**
Action

File Date 05/19/2026
**Filed By** Thomas, Elizabeth C
**Cause of Action**
CV - Pro Hac Vice
**Description/Remedy**
Action

File Date 05/29/2026
**Filed By** Swafford, Thomas A
**Cause of Action**
CV - Pro Hac Vice
**Description/Remedy**
Action

File Date 09/24/2026
**Filed By** Lies, Tyson M.
**Cause of Action**
CV - Pro Hac Vice
**Description/Remedy**
Action

File Date 04/02/2026

**Cause of Action**
CV - Specific Performance
**Description/Remedy**
Action

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | 26CV018660-590 |
| Court | Mecklenburg Superior Court |
| Date Assigned | 04/02/2026 |

## Party Information

| | | |
|---|---|---|
| **Plaintiff** | **Smith, Suzanne** | **MELCOMBE, CHARLES BRADEN** *Retained* |
| | | **COPELAND, SHAWN ALAN** *Retained* |
| **Defendant** | **Piedmont Airlines Inc.** | **DORTON, KELSEY NICOLE** *Retained* |
| | | **GOETZL, LAUREN GENVERT** *Retained* |
| **Applicant** | **Lies, Tyson M.** | **GOETZL, LAUREN GENVERT** *Retained* |
| | **Swafford, Thomas A** | **GOETZL, LAUREN GENVERT** *Retained* |
| | **Thomas, Elizabeth C** | **GOETZL, LAUREN GENVERT** *Retained* |

## Causes of Action

04/02/2026 **Cause of Action** CV - Contract
Action Type Action

04/02/2026 **Cause of Action** CV - Specific Performance
Action Type Action

05/19/2026 **Cause of Action** CV - Pro Hac Vice
Filed By Thomas, Elizabeth C
Action Type Action

05/29/2026 **Cause of Action** CV - Pro Hac Vice
Filed By Swafford, Thomas A
Action Type Action

09/24/2026 **Cause of Action** CV - Pro Hac Vice
Filed By Lies, Tyson M.
Action Type Action

## Case Events

09/24/2026
Order (Judicial Officer: STETZER, WILLIAM T)
*ORDER ON MOTION FOR PRO HAC VICE ADMISSION OF TYSON M. LIES*
Created: 09/24/2026 2:56 PM
Index # 33

09/23/2026
Pro Hac Vice
*Motion for Pro Hac Vice Admission of Tyson M. Lies*
Created: 09/23/2026 2:09 PM
Index # 31

09/23/2026
Pro Hac Vice
*Motion for Pro Hac Vice for Stephanie N. Garner*
Created: 09/23/2026 10:07 AM
Index # 29

09/14/2026
Order (Judicial Officer: STRICKLAND, DAVID H)
Created: 09/14/2026 3:08 PM
Index # 28

09/11/2026
Motion
*Joint Motion For Entry of Stipulated Protective Order*
Filed By: Applicant Thomas, Elizabeth C;
Defendant Piedmont Airlines Inc.;
Plaintiff Smith, Suzanne
Created: 09/11/2026 9:44 AM
Index # 27

09/10/2026

Motion to Withdraw as Counsel
*Motion to Withdraw Thomas A. Swafford As Counsel*
Filed By: Applicant Swafford, Thomas A;
Applicant Thomas, Elizabeth C;
Defendant Piedmont Airlines Inc.
Created: 09/10/2026 4:16 PM
Index # 25

08/24/2026

Other/Miscellaneous
*Order Granting Motion to Enlarge Time to Serve Discovery Responses*
Created: 08/24/2026 4:05 PM
Index # 24

08/24/2026

Motion
*Motion to Enlarge Time to Serve Discovery Responses*
Filed By: Applicant Swafford, Thomas A;
Applicant Thomas, Elizabeth C;
Defendant Piedmont Airlines Inc.
Created: 08/24/2026 4:04 PM
Index # 23

07/08/2026

MSC-Designation of Mediator
*DSMD-S MSC-Designation of Mediator*
Created: 07/08/2026 11:00 AM
Index # 22

07/07/2026

Motion to Extend Time
*MEXT Motion to Extend Time by Either Party*
Filed By: Plaintiff Smith, Suzanne
Created: 07/07/2026 11:39 AM
Index # 20

07/07/2026

Other/Miscellaneous
*Order for Plaintiff Motion to Extend Time to Serve Discovery Responses*
Created: 07/07/2026 11:39 AM
Index # 21

06/12/2026

Discovery Scheduling Order
*Consent Case Management Order*
Created: 06/12/2026 11:37 AM
Index # 17

05/29/2026

Order (Judicial Officer: SELLERS, TESSA S)
*ONMOTION FOR PRO HAC VICE ADMISSION OFTHOMAS A. SWAFFORD*
Created: 05/29/2026 9:07 AM
Index # 16

05/27/2026

Pro Hac Vice
*Motion for Pro Hac Vice Admission for Thomas A. Swafford*
Filed By: Defendant Piedmont Airlines Inc.
Created: 05/27/2026 2:07 PM
Index # 14

05/19/2026

Order (Judicial Officer: SMITH, CLIFTON H)
*ON MOTIONFOR PRO HAC VICEADMISSION OFELIZABETH C. THOMAS*
Created: 05/19/2026 9:16 AM
Index # 13

05/08/2026

Answer
*Answer*
Filed By: Defendant Piedmont Airlines Inc.
Created: 05/08/2026 4:36 PM
Index # 10

05/08/2026

Pro Hac Vice
*Motion for Pro Hac Vice*
Created: 05/08/2026 4:34 PM
Index # 9

04/28/2026

Notice of Appearance
*Notice of Appearance*
Filed By: Defendant Piedmont Airlines Inc.
Created: 04/28/2026 3:39 PM
Index # 8

04/28/2026

Notice of Appearance
*Notice of Appearance*
Filed By: Defendant Piedmont Airlines Inc.
Created: 04/28/2026 2:56 PM
Index # 7

04/08/2026

Affidavit of Service
*AFFOS Affidavit of Service*
Created: 04/08/2026 3:18 PM
Index # 6

04/02/2026

Complaint
*COMP Complaint*
Created: 04/02/2026 1:57 PM
Index # 2

04/02/2026

Cover Sheet
*General Civil Action Cover Sheet*
Created: 04/02/2026 1:57 PM
Index # 3

04/02/2026

Civil Summons
*Civil Summons*
Created: 04/02/2026 1:58 PM
Index # 4

04/02/2026 Complaint
Created: 04/02/2026 1:56 PM
Index # 1

## Dispositions

09/24/2026 **Granted in Whole or Part** (Judicial Officer: STETZER, WILLIAM T)
CV - Pro Hac Vice :
Created: 01/01/0001 12:00 AM

05/29/2026 **Granted in Whole or Part** (Judicial Officer: SELLERS, TESSA S)
CV - Pro Hac Vice :
Created: 01/01/0001 12:00 AM

05/19/2026 **Granted in Whole or Part** (Judicial Officer: SMITH, CLIFTON H)
CV - Pro Hac Vice :
Created: 01/01/0001 12:00 AM

## Hearings

06/17/2026

**Administrative Calendar** (5:00 PM)

*Order to Mediation. Deadline 11/14/2026*

Resource: Location 590-6510 Mecklenburg Co. Courthouse, Alternate Disp. Res. Suite 6510

Created: 01/01/0001 12:00 AM

05/15/2026

**Pretrial Conference** (8:00 AM)

*Case Management Order Issued*

Resource: Location 590-6130 Mecklenburg Co. Courthouse, Courtroom 6130

Created: 01/01/0001 12:00 AM

## Service Events

04/07/2026 **Civil Summons**

Piedmont Airlines Inc. served

04/02/2026 **Civil Summons** Requested by: Smith, Suzanne

Piedmont Airlines Inc.

Issued

Anticipated Method: Sheriff - Personal

Serving Method: Designated Delivery Service

Created: 01/01/0001 12:00 AM

## Financial Information

| | | | |
|---|---|---|---|
| | **Defendant** Piedmont Airlines Inc. | | |
| | Total Financial Assessment | | 900.00 |
| | Total Payments and Credits | | 900.00 |
| | **Balance Due as of 10/02/2026** | | **0.00** |
| 05/07/2026 | Transaction Assessment | | 225.00 |
| 05/07/2026 | eFile Payment | Receipt # 590-00454334 | (225.00) |
| 05/26/2026 | Transaction Assessment | | 225.00 |
| 05/26/2026 | eFile Payment | Receipt # 590-00463879 | (225.00) |
| 09/22/2026 | Transaction Assessment | | 225.00 |

| | | | |
|---|---|---|---|
| 09/22/2026 | eFile Payment | Receipt # 590-00529963 | (225.00) |
| 09/22/2026 | Transaction Assessment | | 225.00 |
| 09/22/2026 | eFile Payment | Receipt # 590-00530234 | (225.00) |
| | **Plaintiff** Smith, Suzanne | | |
| | Total Financial Assessment | | 200.00 |
| | Total Payments and Credits | | 200.00 |
| | **Balance Due as of 10/02/2026** | | **0.00** |
| 04/01/2026 | Transaction Assessment | | 200.00 |
| 04/01/2026 | eFile Payment | Receipt # 590-00435181 | (200.00) |

# EXHIBIT A-1

26CV018660-590

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**FILE NO. 26CV__________-590**

| | | |
|---|---|---|
| **SUZANNE SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| **PIEDMONT AIRLINES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff Suzanne Smith ("Plaintiff"), by and through counsel, complaining of Defendant Piedmont Airlines, Inc. ("Piedmont") alleges and says as follows as her Complaint:

1. Plaintiff Suzanne Smith is a citizen and resident of Mecklenburg County, North Carolina.

2. Upon information and belief, Defendant Piedmont Airlines, Inc. is a Maryland corporation registered with the North Carolina Secretary of State and authorized to do business in the State of North Carolina, with a principal place of business of Salisbury, Maryland.

3. This Court has jurisdiction over the parties and the subject matter of this dispute.

4. Venue is proper in this Court pursuant to N.C.G.S. § 1-82 in that Plaintiff resides in Mecklenburg County, North Carolina.

5. Plaintiff began employment with Piedmont on or about September 30, 2015.

6. In 2020, Piedmont began notifying employees that it was offering the opportunity for employees to voluntarily resign or retire from Piedmont in exchange for

receiving certain post-employment benefits from Piedmont through its voluntary early out ("VEO") program.

7. In June 2020, Piedmont shared with Plaintiff, as a Piedmont employee, a frequently asked questions document, entitled "FAQs: VEO with Pay, VEO with Travel and Health" ("FAQ").

8. On the FAQ, Piedmont stated that "Based on current economic conditions and the projected size of the airline going forward, Piedmont must reduce the size of our management and support staff (MSS)."

9. The FAQ further stated "[b]y offering voluntary early out, we hope to avoid involuntary staff reductions in October."

10. Page 4 of the FAQ contained a chart entitled "D2R Comparison."

11. The D2R Comparison chart contained columns entitled (1) "VEO D2R Status" and (2) "Full Retiree Travel (65-point plan eligible)."

12. The Full Retiree Travel (65-point plan eligible) column was marked "yes" under the "OAL/ZED travel privileges" row, representing that employees who were eligible for the 65-point plan would receive other airline ("OAL") and Zonal Employee Discount ("ZED") travel privileges (collectively "OAL/ZED"). OAL/ZED travel benefits allow airline employees/retirees and their eligible dependents to fly on other carriers at heavily discounted rates.

13. Piedmont also shared with Plaintiff, as an employee, a document entitled "New VEO plan comparison (June VEO)" ("New VEO plan Comparison").

14. On this document, Piedmont represented that "[i]f team member qualifies for retiree travel per the 65-point plan (at least 10 years of service and age + YOS = at least 65)

at time of separation (last date on active payroll), they will receive full D2R travel privileges upon separating from the company." Piedmont further represented in an update that as of June 3, "American [Airlines] will add five years to your age OR years of active service for 65-point plan calculations."

15. On or about September 17, 2020, Plaintiff entered into a Management and Support Staff Voluntary Early Out Agreement ("MSS VEO Agreement") with Piedmont under which Plaintiff was to complete her last date of employment with Piedmont on September 30, 2020.

16. Plaintiff met the eligibility requirements for full retirement / 65-point travel plan benefits ("65-point travel plan") at the time she entered into the MSS VEO Agreement.

17. Specifically, at the time of entering the MSS VEO Agreement, Plaintiff was 57 years old with a total of 10 years of service (5 years of service with Piedmont, plus the additional 5 years credited by American Airlines ("AA") as reflected on the New VEO Plan Comparison accompanying Ms. Smith's MSS VEO Approval Notice).

18. Piedmont approved Plaintiff's MSS VEO Agreement, including the "VEO Type," Pay Priority w/ 65 Point AA Retiree Travel.

19. Specifically, Plaintiff's MSS VEO Approval Notice, which listed Plaintiff's "VEO Type" as "Pay priority w/65 point AA Retiree Travel" was signed by Piedmont, by a manager authorized to sign on behalf of Piedmont.

20. The MSS VEO Approval Notice referenced MSS VEO documents, namely MSS VEO Facts Sheet, FAQ, and a letter that Piedmont had sent Plaintiff containing representations from Piedmont regarding the VEO program.

21. The MSS VEO Agreement that Piedmont approved and agreed to entitled

Plaintiff to the full range of full retirement / 65-point travel plan benefits, including but not limited to OAL and ZED travel.

22. For several years following her retirement in 2020, Plaintiff and her husband traveled using the full travel benefits, including OAL/ZED travel, that she had received upon her retirement, in accordance with her MSS VEO Agreement and Approval Notice with Piedmont.

23. In March 2025, Piedmont abruptly, and without justification, ceased to continue to allow Plaintiff to utilize the full travel benefits to which she is entitled. Specifically, Piedmont refused to continue allowing Plaintiff and her husband to travel using the OAL/ZED travel benefits.

24. Despite written demand by Plaintiff and her legal counsel, Piedmont continues to deny Plaintiff use of the OAL/ZED travel benefits to which she is entitled.

**FIRST CLAIM FOR RELIEF**
**Specific Performance**

25. The preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

26. Plaintiff entered into a valid, binding contract for Voluntary Early Out, including full travel plan benefits, as alleged more fully above.

27. The MSS VEO Agreement was entered into for good and valuable consideration.

28. Plaintiff satisfied all conditions necessary for Defendant's performance of the contract.

29. Plaintiff has requested restoration of the 65-point travel plan benefits that Plaintiff was entitled to receive under the MSS VEO Agreement including OAL/ZED

benefits but Defendant has refused to restore the travel benefits she is entitled to under the MSS VEO Agreement, including without limitation, OAL/ZED benefits, and Defendant thereby breached (and remains in breach of) the contract.

30. Plaintiff has no adequate remedy at law to enforce the provisions of the MSS VEO Agreement other than by specific performance of the contract

## SECOND CLAIM FOR RELIEF
**Breach of Contract *(In the Alternative)***

31. Paragraphs 1 through 24 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

32. Plaintiff and Defendant entered into a valid, binding contract for Voluntary Early Out, including full travel plan benefits, as alleged more fully above.

33. These full travel plan benefits, including full 65-point travel plan benefits, were based on Plaintiff's age and length of employment with Defendant.

34. The 65-point travel plan benefits that Plaintiff was entitled to receive under the MSS VEO Agreement included OAL/ZED benefits.

35. The OAL/ZED travel benefits promised by Piedmont to Plaintiff were central to her decision to accept Piedmont's offer of early retirement. She would not have accepted Piedmont's offer had it not included OAL/ZED travel benefits for herself and eligible dependents, most notably her husband.

36. The MSS VEO Agreement was entered into for good and valuable consideration.

37. Plaintiff fully performed her obligations under the terms of the contract.

38. Defendant has failed to provide Plaintiff with the travel benefits she is entitled to under the MSS VEO Agreement, including without limitation, OAL/ZED benefits.

39. Defendant has breached the MSS VEO Agreement, as alleged more fully above.

40. Defendant's breach is willful.

41. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages and losses in an amount in excess of $25,000 to be proven at trial.

**WHEREFORE**, Plaintiff respectfully prays the Court for entry of judgment against the Defendant as follows:

a. under the First Claim for Relief, for an order requiring Defendant to specifically perform the Contract by restoring the travel benefits she is entitled to under the MSS VEO Agreement, including without limitation, OAL/ZED benefits;

b. under the Second Claim for Relief, in the alternative and in the event that specific performance is not granted, judgment against Defendant Piedmont Airlines Inc. in an amount in excess of $25,000 to be proven at trial;

c. that the costs of this action be taxed against the Defendant;

d. a trial by jury on all issues of fact; and

e. for such other and further relief as the Court deems just and proper.

**SUZANNE SMITH**

By: /s/ Shawn A. Copeland
Shawn A. Copeland (NC Bar #36345)
Charles B. Melcombe (NC Bar #54204)
COPELAND RICHARDS, PLLC
PO Box 430
Davidson, NC 28036
Phone: 704.439.4441
Fax: 704.439.4413
Email: *shawn@copelandrichards.com*
*charlie@copelandrichards.com*

***Counsel for Plaintiff***

# EXHIBIT A-2

**STATE OF NORTH CAROLINA**

MECKLENBURG County

*File No.* 26CV018660-590

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>SUZANNE SMITH | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| *Address*<br>c/o Copeland Richards PLLC P.O. Box 430 | |
| *City, State, Zip*<br>Davidson NC 28036 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)*<br>PIEDMONT AIRLINES INC. | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Piedmont Airlines Inc.<br>c/o Corporation Service Company, Registered Agent<br>2626 Glenwood Ave, Ste 550<br>Raleigh NC 27608 | |

**IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)* | |
|---|---|
| Shawn A. Copeland (NC Bar #36345)<br>Copeland Richards, PLLC<br>P.O. Box 430<br>Davidson NC 28036 | *Date Issued* 4/2/2026 *Time* 1:51:22 pm ☐ AM ☐ PM<br>*Signature* /s/ Kayla Moore<br>☒ *Deputy CSC* ☐ *Assistant CSC* ☐ *Clerk Of Superior Court* |

| | |
|---|---|
| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* *Time* ☐ AM ☐ PM<br>*Signature*<br>☐ *Deputy CSC* ☐ *Assistant CSC* ☐ *Clerk Of Superior Court* |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)


© 2023 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|
| | | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|
| | | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |


© 2023 Administrative Office of the Courts

# EXHIBIT A-3

# STATE OF NORTH CAROLINA

MECKLENBURG County

File No. 26CV018660-590

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name And Address Of Plaintiff 1*
SUZANNE SMITH

*Name And Address Of Plaintiff 2*

## GENERAL CIVIL ACTION COVER SHEET

☒ INITIAL FILING ☐ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

**VERSUS**

*Name And Address Of Defendant 1*
PIEDMONT AIRLINES INC.

*Summons Submitted*
☒ Yes ☐ No

*Name And Address Of Defendant 2*

*Summons Submitted*
☐ Yes ☐ No

*Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)*
Shawn A. Copeland
Copeland Richards, PLLC
P.O. Box 430
Davidson NC 28036

*Telephone No.* 704-439-4441
*Cellular Telephone No.*

*NC Attorney Bar No.* #36345
*Attorney Email Address* shawn@copelandrichards.com

☒ Initial Appearance in Case ☐ Change of Address

*Name Of Firm* Copeland Richards, PLLC
*Fax No.* 704-439-4413

*Counsel For*
☒ All Plaintiffs ☐ All Defendants ☐ Only: *(list party(ies) represented)*

☒ Jury Demanded In Pleading ☐ Complex Litigation ☐ Stipulate to Arbitration

## TYPE OF PLEADING

*(check all that apply)*

- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (*see Note*)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) *Assess Court Costs*
- ☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
- ☐ Dismiss (DISM) *Assess Court Costs*
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)
- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other *(specify and list each separately)*

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*


AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

## CLAIMS FOR RELIEF

- ☐ Administrative Appeal (ADMA)
- ☐ Appointment Of Receiver (APRC)
- ☐ Attachment/Garnishment (ATTC)
- ☐ Claim And Delivery (CLMD)
- ☐ Collection On Account (ACCT)
- ☐ Condemnation (CNDM)
- ☒ Contract (CNTR)
- ☐ Discovery Scheduling Order (DSCH)
- ☐ Injunction (INJU)
- ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP)
- ☐ Medical Malpractice (MDML)
- ☐ Minor Settlement (MSTL)
- ☐ Money Owed (MNYO)
- ☐ Negligence - Motor Vehicle (MVNG)
- ☐ Negligence - Other (NEGO)
- ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN)
- ☐ Possession Of Personal Property (POPP)
- ☐ Product Liability (PROD)
- ☐ Real Property (RLPR)
- ☒ Specific Performance (SPPR)
- ☐ Other *(specify and list each separately)*

| Date | Signature Of Attorney/Party |
|---|---|
| 04/02/2026 | /s/ Shawn A. Copeland |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s) ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*


© 2019 Administrative Office of the Courts

# EXHIBIT A-4

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**FILE NO. 26CV018660-590**

| | | |
|---|---|---|
| **SUZANNE SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **AFFIDAVIT OF SERVICE** |
| | ) | |
| **PIEDMONT AIRLINES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

I, Mitta P. Isley, first being duly sworn, deposes and says as follows:

1. That I am employed as a paralegal with the law firm of Copeland Richards, PLLC, counsel for Plaintiff Suzanne Smith.

2. That I did mail by Federal Express (direct signature required) a true and correct copy of the Summons and Complaint filed by the Plaintiff in the above-captioned action, addressed as follows to Piedmont Airline's registered agent, Corporation Service Company, at the following registered agent mailing address listed on the North Carolina Secretary of State's website:

Piedmont Airlines Inc.
c/o Corporation Service Company R/A
2626 Glenwood Ave.
Ste. 550
Raleigh, NC 27608

3. Further, that copies of the Summons and Complaint were in fact received by H. Hughes, a person presumed to be authorized to accept service, and did accept service on April 8, 2026, as evidenced by the original receipt attached hereto as **Exhibit A.**

4. Further the Affiant sayeth not.

This the 8th day of April, 2026.

Mitta P. Isley

State of North Carolina
County of Mecklenburg

SWORN TO AND SUBSCRIBED BEFORE ME
On the 8th day of April, 2026.

Notary Public

Deborah E. Grundman, Notary Public

My commission expires: April 23, 2030

DEBORAH E GRUNDMAN
Notary Public, North Carolina
Cabarrus County
My Commission Expires
April 23, 2030

(SEAL)

FedEx

April 08, 2026

Dear Customer,

The following is the proof-of-delivery for tracking number: 870394589031

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Shipping/Receiving |
| **Signed for by:** | H.Hughes | **Delivery Location:** | 2626 GLENWOOD AVE |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday;<br>Direct Signature Required | | RALEIGH, NC, 27608 |
| | | **Delivery date:** | Apr 8, 2026 09:24 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 870394589031 | **Ship Date:** | Apr 7, 2026 |
| | | **Weight:** | 0.5 LB/0.23 KG |

Recipient:
c/o Corporation Service Co. R/A, Piedmont Airlines Inc.
2626 Glenwood Ave
Ste 550
RALEIGH, NC, US, 27608

Shipper:
M. isley, Copeland Richards, PLLC
215 S. Main Street
Suite 301
Davidson, NC, US, 28036

**Reference** 22421.00001




EXHIBIT
A

Thank you for choosing FedEx

# EXHIBIT A-5

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | 26CV018660-590 |
| SUZANNE SMITH,<br><br>Plaintiff,<br>v.<br><br>PIEDMONT AIRLINES, INC.,<br><br>Defendant. | |

**NOTICE OF APPEARANCE**

COMES NOW the undersigned, Kelsey N. Dorton, and enters her appearance as counsel on behalf of Piedmont Airlines, Inc. Counsel's contact information is:

Kelsey N. Dorton (NC Bar No. 55256)
Fisher & Phillips LLP
227 West Trade Street, Suite 2020
Charlotte, NC 28202
Tel. (704) 334-3087
Fax (704) 334-9774
kdorton@fisherphillips.com

Dated this 28th day of April, 2026.

Respectfully submitted,

*/s/ Kelsey N. Dorton*

Kelsey N. Dorton (NC Bar No. 55256)
Fisher & Phillips LLP
227 West Trade Street, Suite 2020
Charlotte, NC 28202
Tel. (704) 334-3087
Fax (704) 334-9774
kdorton@fisherphillips.com

*Counsel for Defendant*
*Piedmont Airlines, Inc.*

| | |
|---|---|
| STATE OF NORTH CAROLINA<br><br>COUNTY OF MECKLENBURG | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>26CV018660-590 |
| SUZANNE SMITH,<br><br>Plaintiff,<br>v.<br><br>PIEDMONT AIRLINES, INC.,<br><br>Defendant. | **CERTIFICATE OF SERVICE** |

I hereby certify that on April 28, 2026, I served the foregoing **Notice of Appearance** by electronically filing the document via eCourts which served the counsel of record below:

Shawn A. Copeland, Esq.
Charles B. Melcombe, Esq.
Copeland Richards, PLLC
shawn@copelandrichards.com
charlie@copelandrichards.com
*Counsel for Plaintiff*

Dated this 28th day of April, 2026.

Respectfully submitted,

*/s/ Kelsey N. Dorton*
Kelsey N. Dorton (NC Bar No. 55256)
Fisher & Phillips LLP

# EXHIBIT A-6

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
26CV018660-590

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

**NOTICE OF APPEARANCE**

COMES NOW the undersigned, Lauren G. Goetzl, and enters her appearance as counsel on behalf of Piedmont Airlines, Inc. Counsel's contact information is:

Lauren G. Goetzl (NC Bar No. 55939)
Fisher & Phillips LLP
227 West Trade Street, Suite 2020
Charlotte, NC 28202
Tel. (202) 429-3709
Fax (202) 978-3788
lgoetzl@fisherphillips.com

Dated this 28th day of April, 2026.

Respectfully submitted,

*/s/ Lauren G. Goetzl*

Lauren G. Goetzl (NC Bar No. 55939)
Fisher & Phillips LLP
227 West Trade Street, Suite 2020
Charlotte, NC 28202
Tel. (202) 429-3709
Fax (202) 978-3788
lgoetzl@fisherphillips.com

*Counsel for Defendant*
*Piedmont Airlines, Inc.*

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
26CV018660-590

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2026, I served the foregoing **Notice of Appearance** by electronically filing the document via eCourts which served the counsel of record below:

Shawn A. Copeland, Esq.
Charles B. Melcombe, Esq.
Copeland Richards, PLLC
shawn@copelandrichards.com
charlie@copelandrichards.com
*Counsel for Plaintiff*

Dated this 28th day of April, 2026.

Respectfully submitted,

*/s/ Lauren G. Goetzl*
Lauren G. Goetzl (NC Bar No. 55939)
Fisher & Phillips LLP

# EXHIBIT A-7

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**FILE NO. 26CV018660-590**

| | |
|---|---|
| SUZANNE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PIEDMONT AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT PIEDMONT AIRLINES, INC.'S ANSWER**
**<u>TO PLAINTIFF'S COMPLAINT</u>**

Defendant Piedmont Airlines, Inc. ("**Defendant**" or "**Piedmont**"), represented by undersigned counsel, hereby submits its Answer to Plaintiff's Complaint as follows. All allegations contained in the Complaint not specifically admitted herein are denied. For ease of reference only, and unless otherwise stated, Piedmont hereby adopts the numbering of the paragraphs and headers to correspond with the paragraphs and headers in the Complaint.

1. Piedmont lacks knowledge or information to respond sufficiently to the allegation in Paragraph 1 of the Complaint and therefore denies them.

2. Piedmont admits the allegations in Paragraph 2 of the Complaint.

3. Paragraph 3 contains a legal conclusion to which no response is required; to the extent a response is required, Piedmont denies the allegations in Paragraph 3 of the Complaint.

4. Piedmont lacks knowledge or information concerning Plaintiff's county of residence to respond sufficiently to the allegation in Paragraph 4. Moreover, Paragraph 4 contains a legal conclusion to which no response is required. For all these reasons, Piedmont denies the allegations in Paragraph 4.

5. In response to Paragraph 5, Piedmont responds that Plaintiff's date of hire was August 31, 2015. Except as otherwise admitted herein, Piedmont denies the allegations in Paragraph 5.

6. In response to Paragraph 6 of the Complaint, Piedmont admits that it offered a Voluntary Early Out (VEO) program in 2020 and otherwise denies the allegations in Paragraph 6.

7. In response to Paragraph 7 of the Complaint, Piedmont admits that in June 2020 it made available a document entitled "FAQs: VEO with Pay, VEO with Travel and Health" (the "**June 2020 FAQ**"), which document speaks for itself. Except as otherwise stated herein, Piedmont denies the allegations in Paragraph 7.

8. In response to Paragraph 8 of the Complaint, Piedmont admits that Plaintiff correctly quoted a portion of the June 2020 FAQ, which document speaks for itself.

9. In response to Paragraph 9 of the Complaint, Piedmont admits that Plaintiff correctly quoted a portion of the June 2020 FAQ, which document speaks for itself.

10. Piedmont admits the allegation in Paragraph 10 of the Complaint.

11. Piedmont admits the allegation in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Piedmont admits that the "D2R" comparison chart on page 4 of the June FAQ includes a row for "OAL/ZED travel privileges" and "Yes" in the "Full Retiree Travel (65-point plan eligible)" column. Except as otherwise admitted herein, Piedmont denies the allegations in Paragraph 12.

13. In response to Paragraph 13 of the Complaint, Piedmont admits it made available a document entitled "New VEO plan comparison (June VEO)," which document speaks for itself. Except as otherwise admitted herein, Piedmont denies the allegations in Paragraph 13.

14. In response to Paragraph 14 of the Complaint, Piedmont admits that Plaintiff correctly quotes portions of the New VEO plan comparison document referenced in Paragraph 13, which document speaks for itself. Except as otherwise admitted herein, Piedmont denies the allegations in Paragraph 14 of the Complaint.

15. Paragraph 15 contains legal conclusions to which no response is required; to the extent a response is required, Piedmont denies the allegations therein, except that Piedmont admits that on September 17, 2020, Plaintiff signed the MSS VEO Approval Notice, which document speaks for itself.

16. Paragraph 16 contains legal conclusions to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

17. In response to Paragraph 17 of the Complaint, Piedmont admits that Plaintiff had 5 years of service in September 2020 but otherwise denies the allegations in Paragraph 17.

18. Paragraph 18 contains legal conclusions to which no response is required; to the extent a response is required, Piedmont denies the allegations therein, except that Piedmont admits that a Piedmont employee signed the MSS VEO Approval Notice.

19. In response to Paragraph 19 of the Complaint, Piedmont admits that a Piedmont employee signed the MSS VEO Approval Notice but otherwise denies the allegations in Paragraph 19.

20. In response to Paragraph 20 of the Complaint, Piedmont admits that the MSS VEO Approval Notice, which document speaks for itself, references the "MSS VEO Facts Sheet, FAQ and a letter for unemployment." Except as otherwise stated herein Piedmont denies the allegations in Paragraph 20.

21. Paragraph 21 contains legal conclusions to which no response is required; to the extent a response is required, Piedmont denies the allegations in Paragraph 21.

22. Paragraph 22 contains legal conclusions to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

23. Paragraph 23 contains legal conclusions to which no response is required; to the extent a response is required, Piedmont denies the allegations in Paragraph 23.

24. Paragraph 24 contains legal conclusions to which no response is required; to the extent a response is required, Piedmont denies the allegations in Paragraph 24.

**"FIRST CLAIM FOR RELIEF"**
**"Specific Performance"**

25. In response to Paragraph 25 of the Complaint, Piedmont restates and incorporates its responses to Paragraphs 1 through 24 as if fully set forth herein.

26. Paragraph 26 of the Complaint contains a legal conclusion to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

27. Paragraph 27 of the Complaint contains a legal conclusion to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

28. Paragraph 28 of the Complaint contains a legal conclusion to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

29. Paragraph 29 of the Complaint contains a legal conclusion to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

30. Paragraph 30 of the Complaint contains a legal conclusion to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

**"SECOND CLAIM FOR RELIEF"**
**"Breach of Contract (*In the Alternative)*"**

31. In response to Paragraph 31 of the Complaint, Piedmont restates and incorporates its responses to Paragraphs 1 through 30 as if fully set forth herein.

32. Paragraph 32 of the Complaint contains a legal conclusion to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

33. Piedmont denies the allegations in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint contains a legal conclusion to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

35. Paragraph 35 of the Complaint contains a legal conclusion to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

36. Paragraph 36 of the Complaint contains a legal conclusion to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

37. Paragraph 37 of the Complaint contains a legal conclusion to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

38. Paragraph 38 of the Complaint contains a legal conclusion to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

39. Paragraph 39 of the Complaint contains a legal conclusion to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

40. Paragraph 40 of the Complaint contains a legal conclusion to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

41. Paragraph 41 of the Complaint contains a legal conclusion to which no response is required; to the extent a response is required, Piedmont denies the allegations therein.

In response to Plaintiff's prayer for entry of judgment against Piedmont, Piedmont denies that Plaintiff is entitled to or should receive any relief sought therein. Further, Piedmont acknowledges that Plaintiff has requested a trial by jury on all issues of fact, but Piedmont denies that Plaintiff is entitled to a trial by jury as to any equitable issue raised in the Complaint.

## PIEDMONT'S AFFIRMATIVE AND OTHER DEFENSES

Without limiting the right to plead further applicable defenses, or assuming the burden of proof for any matters for which Plaintiff bears such burden, Piedmont asserts the following additional defenses:

1. Plaintiff's claims fail, in whole or in part, because the relief she seeks is impossible, impracticable, and/or inequitable for Piedmont to perform.

2. Plaintiff's claims fail, in whole or in part, because she was not damaged by Piedmont and any claimed damages are entirely speculative.

3. Plaintiff's claims fail, in whole or in part, because she does not lack a remedy at law for any alleged breach.

4. Plaintiff's claims fail, in whole or in part, because the relief she seeks requires ongoing supervision of the Court.

5. Plaintiff's claims fail, in whole or in part, because the relief she seeks requires performance of third parties not before the Court.

6. Plaintiff's claims fail, in whole or in part, because the relief she seeks is against public policy.

7. Plaintiff's claims fail, in whole or in part, because of the doctrine of frustration of purpose.

8. Plaintiff's claims fail, in whole or in part, because of Plaintiff's failure to mitigate her damages (if any).

9. Plaintiff's claims fail, in whole or in part, because they are barred by contract.

10. Plaintiff's claims fail, in whole or in part, because they are time-barred.

11. Plaintiff's claims fail, in whole or in part, because Piedmont did not breach and, even if Piedmont did (which it denies), such breach was not willful.

12. Plaintiff's claims fail, in whole or in part, because of mutual mistake.

13. Plaintiff's claims fail, in whole or in part, by the equitable doctrines of laches, waiver, unclean hands, and/or estoppel.

14. Plaintiff's claims fail, in whole or in part, to the extent she relied on any documents outside of any controlling agreements.

15. Piedmont reserves the right to assert additional defenses that may become apparent through discovery or otherwise discovered.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Piedmont Airlines, Inc specifically requests that the Court issue an Order as follows:

A. Denying any relief to Plaintiff against Piedmont and dismissing the claims with prejudice;

B. Awarding Piedmont all costs, expenses, fees, and damages as may arise in connection with its defense of the Complaint;

C. Awarding Piedmont's reasonable attorneys' fees associated with defending against Plaintiff's claims; and

D. Awarding Piedmont such other and further relief as this Court may deem just and proper.

Dated this 8th day of May, 2026.

Respectfully submitted,

By:*/s/ Lauren G. Goetzl*
Lauren G. Goetzl (NC Bar No. 55939)
Kelsey Dorton (NC Bar No. 55256)
**FISHER & PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
E-mail: lgoetzl@fisherphillips.com
Email: kdorton@fisherphillips.com

By: */s/ Elizabeth C. Thomas*
Elizabeth C. Thomas (TX Bar No. 24100166)
*(pro hac vice forthcoming)*
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
E-mail: elizabeth.thomas@kellyhart.com

*Attorneys for Defendant Piedmont Airlines, Inc.*

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**FILE NO. 26CV018660-590**

| | |
|---|---|
| SUZANNE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PIEDMONT AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8th, 2026, the foregoing was served upon the following by electronic mail using the eCourts electronic filing system:

Shawn A. Copeland, Esq.
Charles B. Melcombe, Esq.
Copeland Richards, PLLC
shawn@copelandrichards.com
charlie@copelandrichards.com
*Counsel for Plaintiff*

Respectfully submitted,

By: */s/ Lauren G. Goetzl*
Lauren G. Goetzl
**FISHER & PHILLIPS LLP**

# EXHIBIT A-8

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**FILE NO. 26CV018660-590**

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

**MOTION FOR *PRO HAC VICE* ADMISSION OF**
**ELIZABETH C. THOMAS**

Pursuant to Section 84-4.1 of the North Carolina General Statutes, the below signed counsel for Defendant Piedmont Airlines, Inc., Lauren G. Goetzl, hereby moves this Court for an Order admitting Elizabeth C. Thomas of Kelly Hart & Hallman LLP ("Applicant") for admission *pro hac vice* to represent Piedmont Airlines, Inc. in the above-captioned matter. Applicant is domiciled in the State of Texas, with a professional address of 201 Main Street, Suite 2500, Fort Worth, Texas 76102. Applicant is a member of good standing of the Texas State Bar (No. 24100166) and New York State Bar (No. 5249701) and is admitted to practice before the following courts:

| **Court** |
|---|
| Texas State Court |
| New York State Court |
| United States District Court for the Northern District of Texas |
| United States District Court for the Southern District of Texas |
| United States District Court for the Southern District of New York |
| United States Court of Appeals for the Third Circuit |
| United States Court of Appeals for the Fifth Circuit |
| United States Court of Appeals for the Seventh Circuit |

Applicant's Declaration and Piedmont Airlines, Inc.'s Statement in support of this Motion are attached hereto as Exhibit A and Exhibit B, respectively.

Plaintiff consents to Applicant's being admitted *pro hac vice*. A copy of counsel's consent is attached hereto as Exhibit C. No other parties have made an appearance.

Pursuant to N.C. Gen. Stat. § 84-4.1(5), as co-counsel in this matter and a resident of North Carolina and a member in good standing of the North Carolina State Bar, I will personally appear with Applicant. Additionally, I will file a registration statement with the North Carolina State Bar within thirty (30) days of the admission of Elizabeth C. Thomas, as required by the State Bar (27 N.C.A.C. 1H, Section .0101).

Respectfully submitted this 8th day of May 2026,


By: *Lauren G. Goetzl*
Lauren G. Goetzl (NC Bar No. 55939)
Kelsey Dorton (NC Bar No. 55256)
**FISHER & PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
E-mail: lgoetzl@fisherphillips.com
Email: kdorton@fisherphillips.com

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

| | |
|---|---|
| SUZANNE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PIEDMONT AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8th, 2026, the foregoing was served upon the following by electronic mail using the eCourts electronic filing system:

Shawn A. Copeland, Esq.
Charles B. Melcombe, Esq.
Copeland Richards, PLLC
shawn@copelandrichards.com
charlie@copelandrichards.com
*Counsel for Plaintiff*

Respectfully submitted,

By: */s/ Lauren G. Goetzl*
Lauren G. Goetzl
**FISHER & PHILLIPS LLP**

# EXHIBIT A

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

**DECLARATION OF ELIZABETH C. THOMAS**
**IN SUPPORT OF MOTION FOR *PRO HAC VICE* ADMISSION**

I, Elizabeth C. Thomas, declare as follows:

1. I am a member of the law firm of Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102.

2. I am admitted to practice before the Courts of the State of Texas and the State of New York and other federal courts, as follows:

| **Court** |
|---|
| Texas State Court |
| New York State Court |
| United States District Court for the Northern District of Texas |
| United States District Court for the Southern District of Texas |
| United States District Court for the Southern District of New York |
| United States Court of Appeals for the Third Circuit |
| United States Court of Appeals for the Fifth Circuit |
| United States Court of Appeals for the Seventh Circuit |

3. I am in good standing in all the courts where I have been admitted.

4. Unless otherwise permitted to withdraw sooner by Order of the Court, I will continue to represent Defendant Piedmont Airlines, Inc. in this proceeding until its final

determination or other disposition, and that with reference to all matters incident to this proceeding, I agree to be subject to the Orders and amenable to the disciplinary action and civil jurisdiction of the General Court of Justice and the North Carolina State Bar in all respects as if I was a regularly admitted and a licensed member of the North Carolina Bar in good standing.

5. The States of Texas and New York grant *pro hac vice* privileges to members of the North Carolina Bar in good standing.

6. I have associated and am personally appearing in this proceeding with Lauren G. Goetzl, who is a resident of the State of North Carolina, and has agreed to be responsible for filing a registration statement with the North Carolina State Bar, and is duly and legally admitted to practice in the General Court of Justice of North Carolina and upon whom service may be had in all matters connected with legal proceedings, or any disciplinary matters, with the same effect as if personally made on me within this State.

7. I have never been disbarred, suspended, or had any previous *pro hac vice* admissions revoked.

8. I declare under penalty of perjury that the foregoing is true and correct.

This 7th day of May 2026.

/s/ Elizabeth Thomas
Elizabeth C. Thomas
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
E-mail: elizabeth.thomas@kellyhart.com

*Attorneys for Defendant Piedmont Airlines, Inc.*

# EXHIBIT B

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

| | |
|---|---|
| SUZANNE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PIEDMONT AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CLIENT STATEMENT REGARDING**
**REPRESENTATION OF ELIZABETH C. THOMAS**

I, Ryan Borger, declare as follows:

1. I am over 18 years of age, under no disability, and have personal knowledge of the facts set forth herein.

2. I am a resident of the Commonwealth of Pennsylvania.

3. I am the General Counsel and Senior Director of Administration for Defendant Piedmont Airlines, Inc.

4. My corporate address is 5443 Airport Terminal Road, Salisbury, Maryland 21804.

5. The States of Texas and New York grant *pro hac vice* privileges to members of the North Carolina Bar in good standing.

6. Defendant Piedmont Airlines, Inc. has retained Lauren G. Goetzl of Fisher & Phillips LLP, 227 West Trade Street, Suite 2020, Charlotte, North Carolina 28202, to represent the corporation in this proceeding. Ms. Goetzl has already filed an appearance.

7. Defendant Piedmont Airlines, Inc. has also retained Ms. Goetzl's co-counsel, Elizabeth C. Thomas of Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102, to represent the corporation in this proceeding.

8. The above information is true to the best of my knowledge and belief.

Ryan Borger

Ryan Borger
On behalf of Piedmont Airlines, Inc.

Date: May 6, 2026

# EXHIBIT C

**From:** Shawn Copeland
**To:** Elizabeth C. Thomas
**Cc:** Lauren Goetzl; Kelsey Dorton
**Subject:** Re: Smith v. Piedmont Airlines -- PHV
**Date:** Monday, April 27, 2026 1:40:20 PM

**EXTERNAL SENDER ALERT - This message originated outside the Kelly Hart domain. Please exercise caution when opening attachments, following links or responding to this message.**

Hi Lizzy,

No objection to your motion to appear as counsel pro hac vice for Piedmont. I look forward to working with you, Lauren, and Kelsey on this matter.

I've copied my associate, Charlie Melcombe, and our paralegal, Mitta Isley, on this reply and I would appreciate it if they are included on future emails. Please let us know of additional people you would like us to include on emails, and we will do likewise.

Best,
Shawn

Shawn A. Copeland
Copeland Richards, PLLC
Attorneys at Law
215 S. Main Street, Suite 301
PO Box 430 (US Mail)
Davidson, NC 28036
Tel: 704.439.4441
Fax: 704.439.4413
shawn@copelandrichards.com
www.copelandrichards.com

> On Apr 27, 2026, at 1:15 PM, Elizabeth C. Thomas <elizabeth.thomas@kellyhart.com> wrote:
>
> Good afternoon, Shawn,
>
> I am an attorney for Piedmont Airlines in connection with the *Smith* matter currently pending in Mecklenburg County in North Carolina (Cause No. 26cv018660-590). I will be representing Piedmont along with my co-counsel, Lauren Goetzl and Kelsey Dorton of Fisher Phillips (copied). I will be moving to appear pro hac vice. Please advise whether your client consents or is opposed to my motion.
>
> Thank you,

Lizzy

**Elizabeth C. Thomas**
*Partner*

<image001.gif>

201 MAIN STREET, SUITE 2000
FORT WORTH, TEXAS 76102
TELEPHONE (817) 878-9380
FAX (817) 878-9860
elizabeth.thomas@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**FILE NO. 26CV018660-590**

SUZANNE SMITH, )
)
Plaintiff, )
)
v. )
)
PIEDMONT AIRLINES, INC., )
)
Defendant. )
)

**ORDER ON MOTION FOR PRO HAC VICE ADMISSION OF ELIZABETH C. THOMAS**

THIS MATTER is before the Court on the Motion for *Pro Hac Vice* Admission of Elizabeth C. Thomas, filed by Lauren G. Goetzl of the law firm of Fisher & Phillips LLP in the above-referenced case ("Motion"). After review of the Motion, and noting Plaintiff's consent thereto, the Court finds the Motion complies with the statutory requirements for petitions for the limited admission of out-of-state attorneys set forth in section 84-4.1 of the North Carolina General Statues, N.C. Gen. Stat. § 84-4.1. Accordingly, the Court **GRANTS** the Motion, subject to payment of the statutory admission fees.

IT IS ORDERED that within thirty (30) days of the entry of this Order, Lauren G. Goetzl shall submit a Registration Statement to the North Carolina State Bar through the North Carolina State Bar Online Portal, as required by 27 N.C.A.C. 1H, Section .0101, and all required documentation.

SO ORDERED this_____ day of ________2026.

______________________________
Superior Court Judge Presiding

# EXHIBIT A-9

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**FILE NO. 26CV018660-590**

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

FILED
DATE: May 19, 2026
TIME: 9:16:21 AM
MECKLENBURG COUNTY
CLERK OF SUPERIOR COURT
BY: R. Smith

**ORDER ON MOTION FOR PRO HAC VICE ADMISSION OF ELIZABETH C. THOMAS**

THIS MATTER is before the Court on the Motion for *Pro Hac Vice* Admission of Elizabeth C. Thomas, filed by Lauren G. Goetzl of the law firm of Fisher & Phillips LLP in the above-referenced case ("Motion"). After review of the Motion, and noting Plaintiff's consent thereto, the Court finds the Motion complies with the statutory requirements for petitions for the limited admission of out-of-state attorneys set forth in section 84-4.1 of the North Carolina General Statues, N.C. Gen. Stat. § 84-4.1. Accordingly, the Court **GRANTS** the Motion, subject to payment of the statutory admission fees.

IT IS ORDERED that within thirty (30) days of the entry of this Order, Lauren G. Goetzl shall submit a Registration Statement to the North Carolina State Bar through the North Carolina State Bar Online Portal, as required by 27 N.C.A.C. 1H, Section .0101, and all required documentation.

SO ORDERED this____ day of _______ 2026. 5/18/2026

5/18/2026 4:07:56 PM

Clifton Smith

Superior Court Judge Presiding

FP 63824170.1

# EXHIBIT A-10

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**FILE NO. 26CV018660-590**

SUZANNE SMITH, )
)
Plaintiff, )
)
v. )
)
PIEDMONT AIRLINES, INC., )
)
Defendant. )
)

**MOTION FOR *PRO HAC VICE* ADMISSION OF THOMAS A. SWAFFORD**

Pursuant to Section 84-4.1 of the North Carolina General Statutes, the below signed counsel for Defendant Piedmont Airlines, Inc., Lauren G. Goetzl, hereby moves this Court for an Order admitting Thomas A. Swafford of Kelly Hart & Hallman LLP ("Applicant") for admission *pro hac vice* to represent Piedmont Airlines, Inc. in the above-captioned matter. Applicant is domiciled in the State of Texas, with a professional address of 201 Main Street, Suite 2500, Fort Worth, Texas 76102. Applicant is a member of good standing of the Texas State Bar (No. 24141909) and is admitted to practice before the following courts:

| Court |
| --- |
| Texas State Court |
| United States District Court for the Northern District of Texas |

Applicant's Declaration and Piedmont Airlines, Inc.'s Statement in support of this Motion are attached hereto as Exhibit A and Exhibit B, respectively.

Plaintiff consents to Applicant's being admitted *pro hac vice*. A copy of counsel's consent is attached hereto as Exhibit C. No other parties have made an appearance.

Pursuant to N.C. Gen. Stat. § 84-4.1(5), as co-counsel in this matter and a resident of North Carolina and a member in good standing of the North Carolina State Bar, I will personally appear

with Applicant. Additionally, I will file a registration statement with the North Carolina State Bar within thirty (30) days of the admission of Thomas A. Swafford, as required by the State Bar (27 N.C.A.C. 1H, Section .0101).

Respectfully submitted this 27th day of May 2026.

By: *Lauren G. Goetzl*
Lauren G. Goetzl (NC Bar No. 55939)
Kelsey Dorton (NC Bar No. 55256)

**FISHER & PHILLIPS LLP**

227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
E-mail: lgoetzl@fisherphillips.com
Email: kdorton@fisherphillips.com

*Attorneys for Defendant Piedmont Airlines, Inc.*

| | |
|---|---|
| **STATE OF NORTH CAROLINA**<br>**COUNTY OF MECKLENBURG** | **IN THE GENERAL COURT OF JUSTICE**<br>**SUPERIOR COURT DIVISION**<br>**FILE NO. 26CV018660-590** |

SUZANNE SMITH, )
)
Plaintiff, )
)
v. )
)
PIEDMONT AIRLINES, INC., )
)
Defendant. )
)

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27th, 2026, the foregoing was served upon the following by electronic mail using the eCourts electronic filing system:

Shawn A. Copeland, Esq.
Charles B. Melcombe, Esq.
Copeland Richards, PLLC
shawn@copelandrichards.com
charlie@copelandrichards.com
*Counsel for Plaintiff*

Respectfully submitted,

By: */s/ Lauren G. Goetzl*
Lauren G. Goetzl
**FISHER & PHILLIPS LLP**

# EXHIBIT A

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

| | |
|---|---|
| SUZANNE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PIEDMONT AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DECLARATION OF THOMAS A. SWAFFORD**
**IN SUPPORT OF MOTION FOR *PRO HAC VICE* ADMISSION**

I, Thomas A. Swafford, declare as follows:

1. I am a member of the law firm of Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102.

2. I am admitted to practice before the Courts of the State of Texas and federal court, as follows:

| **Court** |
|---|
| Texas State Court |
| United States District Court for the Northern District of Texas |

3. I am in good standing in all the courts where I have been admitted.

4. Unless otherwise permitted to withdraw sooner by Order of the Court, I will continue to represent Defendant Piedmont Airlines, Inc. in this proceeding until its final determination or other disposition, and that with reference to all matters incident to this proceeding, I agree to be subject to the Orders and amenable to the disciplinary action and civil jurisdiction of the General Court of Justice and the North Carolina State Bar in all respects as if I was a regularly admitted and a licensed member of the North Carolina Bar in good standing.

5. The State of Texas grants *pro hac vice* privileges to members of the North Carolina Bar in good standing.

6. I have associated and am personally appearing in this proceeding with Lauren G. Goetzl, who is a resident of the State of North Carolina, and has agreed to be responsible for filing a registration statement with the North Carolina State Bar, and is duly and legally admitted to practice in the General Court of Justice of North Carolina and upon whom service may be had in all matters connected with legal proceedings, or any disciplinary matters, with the same effect as if personally made on me within this State.

7. I have never been disbarred, suspended, or had any previous *pro hac vice* admissions revoked.

8. I declare under penalty of perjury that the foregoing is true and correct.

This 26th day of May 2026.


*/s/ Thomas A. Swafford*
Thomas A. Swafford
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
E-mail: thomas.swafford@kellyhart.com

*Attorney for Defendant Piedmont Airlines, Inc.*

# EXHIBIT B

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

**CLIENT STATEMENT REGARDING**
**REPRESENTATION OF THOMAS A. SWAFFORD**

I, Ryan Borger, declare as follows:

1. I am over 18 years of age, under no disability, and have personal knowledge of the facts set forth herein.

2. I am a resident of the Commonwealth of Pennsylvania.

3. I am the General Counsel and Senior Director of Administration for Defendant Piedmont Airlines, Inc.

4. My corporate address is 5443 Airport Terminal Road, Salisbury, Maryland 21804.

5. The States of Texas grants *pro hac vice* privileges to members of the North Carolina Bar in good standing.

6. Defendant Piedmont Airlines, Inc. has retained Lauren G. Goetzl of Fisher & Phillips LLP, 227 West Trade Street, Suite 2020, Charlotte, North Carolina 28202, to represent the corporation in this proceeding. Ms. Goetzl has already filed an appearance.

7. Defendant Piedmont Airlines, Inc. has also retained Ms. Goetzl's co-counsel, Elizabeth C. Thomas (admitted *pro hac vice*) and Thomas A. Swafford of Kelly Hart & Hallman

LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102, to represent the corporation in this proceeding.

8. The above information is true to the best of my knowledge and belief.

*Ryan Borger*
Ryan Borger
On behalf of Piedmont Airlines, Inc.

Date: May 21, 2026

# EXHIBIT C

| | |
|---|---|
| **From:** | Charlie B. Melcombe |
| **To:** | Elizabeth C. Thomas; Shawn Copeland |
| **Cc:** | Lauren Goetzl; Kelsey Dorton; Mitta Isley; Thomas A. Swafford |
| **Subject:** | Re: Smith v. Piedmont Airlines -- PHV |
| **Date:** | Friday, May 22, 2026 8:50:27 AM |

**EXTERNAL SENDER ALERT - This message originated outside the Kelly Hart domain. Please exercise caution when opening attachments, following links or responding to this message.**

---

Lizzy:

Shawn is out today (and was out yesterday) for his daughter's college graduation. I'll let him chime in on the CMO when he is back, but yes, we will consent to Thomas's PHV admission.

Thanks, and have a nice Memorial Day weekend.

Respectfully,
Charles B. Melcombe
Attorney at Law
COPELAND RICHARDS
215 S. Main Street, Suite 301
PO Box 430
Davidson, NC 28036
Tel: 704.439.4441
Fax: 704.439.4413
charlie@copelandrichards.com
www.copelandrichards.com
CONFIDENTIALITY NOTICE: This electronic communication (including attachments) may contain attorney privileged and confidential information intended only for the use of the named recipient. If you are not the intended recipient, you are prohibited from disseminating, distributing or copying this communication. If you have received this communication in error, please immediately notify us by return message or by telephone at 704.439.4441 and delete this communication from your system. Thank you.

---

**From:** Elizabeth C. Thomas <elizabeth.thomas@kellyhart.com>
**Date:** Thursday, May 21, 2026 at 3:29 PM
**To:** Shawn Copeland <Shawn@copelandrichards.com>
**Cc:** Lauren Goetzl <lgoetzl@fisherphillips.com>; Kelsey Dorton <kdorton@fisherphillips.com>; Charlie B. Melcombe <charlie@copelandrichards.com>; Mitta Isley <Mitta@copelandrichards.com>; Thomas A. Swafford <Thomas.Swafford@kellyhart.com>
**Subject:** RE: Smith v. Piedmont Airlines -- PHV

Shawn,

I'm writing regarding two matters concerning *Smith*.

First, we intend to move for PHV admission of my associate, Thomas Swafford (copied). Please let us know if you consent.

Second, we'd like to confer on the CMO that was recently issued. I have a trial setting that conflicts with some of the deadlines in September, and I think it makes sense to adjust the current dates by at least 45 days. Please let me know your thoughts.

Lizzy

# EXHIBIT A-11

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

FILED
DATE: May 29, 2026
TIME: 9:07:24 AM
MECKLENBURG COUNTY
CLERK OF SUPERIOR COURT
BY: R. Smith

**ORDER ON MOTION FOR PRO HAC VICE ADMISSION OF THOMAS A. SWAFFORD**

THIS MATTER is before the Court on the Motion for *Pro Hac Vice* Admission of Thomas A. Swafford, filed by Lauren G. Goetzl of the law firm of Fisher & Phillips LLP in the above-referenced case ("Motion"). After review of the Motion, and noting Plaintiff's consent thereto, the Court finds the Motion complies with the statutory requirements for petitions for the limited admission of out-of-state attorneys set forth in section 84-4.1 of the North Carolina General Statues, N.C. Gen. Stat. § 84-4.1. Accordingly, the Court **GRANTS** the Motion, subject to payment of the statutory admission fees.

IT IS ORDERED that within thirty (30) days of the entry of this Order, Lauren G. Goetzl shall submit a Registration Statement to the North Carolina State Bar through the North Carolina State Bar Online Portal, as required by 27 N.C.A.C. 1H, Section .0101, and all required documentation.

5/29/2026 8:36:01 AM

SO ORDERED this 29th of May, 2026

Superior Court Judge Presiding

# EXHIBIT A-12

**STATE OF NORTH CAROLINA**
**Mecklenburg County**

**FILE NO. 26CV018660-590**
**In The General Court of Justice**
**Superior Court Division**

SUZANNE SMITH
Plaintiff.
VERSUS
PIEDMONT AIRLINES INC.
Defendant

FILED
DATE: June 18, 2026
TIME: 12:15:18 PM
MECKLENBURG COUNTY
CLERK OF SUPERIOR COURT
BY: R. Lawson

# CONSENT CASE MANAGEMENT ORDER

Pursuant to N. C. Gen. Stat. 1A-1, Rules 16 and 26, **and by and with the consent of the parties**, this Consent Case Management Order shall govern discovery and trial of this case. This Order supersedes any previous Case Management Orders entered in this case and is subject to further amendment upon motion for good cause shown, or by the Court, first made with the Superior Trial Caseflow Coordinator under Local Civil Rule 9.

Except where modified by this Order, the 26th Judicial District Superior Court Division Civil Rules (the "Local Civil Rules") are incorporated into this Order. **The Parties shall know and follow the Local Civil Rules which are available for viewing at www.nccourts.gov or www.meckbar.org**.

1. **Discovery Deadline:** Unless otherwise agreed by the parties:

(1) **discovery** must be completed no later than 202 days after entry of the Case Management Order (**the "discovery deadline"**); and

(2) all discovery must be noticed or served in sufficient time under the N.C. Rules of Civil Procedure for the receiving party to be able to appear or respond by the discovery deadline. Unless otherwise agreed by the parties or ordered by the Court, an extension of the trial date after the end of the discovery deadline, does not extend the discovery deadline. The discovery deadline is intended to give the Parties time to prepare dispositive motions and/or prepare for trial following the completion of discovery.

Under no circumstances shall any agreed extensions or any consent order extensions of the discovery deadline by the clerk impact the dispositive motion filing deadline, nor shall any party seek any ex parte extensions of time from the clerk to respond to timely served discovery beyond the discovery deadline. If one is submitted in violation of these rules, the motion and/or order shall be deemed invalid and will not be honored.

2. **Expert discovery**:

(1) In lieu of expert interrogatories, and unless otherwise agreed by the parties, **expert witnesses** shall be designated by providing the information required by N.C. Rule of Civil Procedure 26(b)(4)a, on the following schedule:

(a) **Plaintiffs' and Defendants' experts** no later than 131 days after the issuance of the Case Management Order;

(b) **Plaintiffs' and Defendants' rebuttal experts or rebuttal opinions** no later than 45 days after the expert designation or no later than 176 days after the issuance of the Case Management Order, whichever is sooner; and

(2) Unless otherwise agreed by the parties, **depositions of experts** are permitted, provided they are noticed to occur prior to the discovery deadline, and provided the party desiring to depose the expert witness pays the expert a reasonable hourly rate for the expert's actual time testifying at the deposition. In the event of a dispute regarding the reasonable hourly fee, upon motion, the court shall determine the fee.

*Local Form CCF-23A, Rev. 7/2025*
*© NC Judicial Branch 26*

**3. Depositions:** (1) Objections and attorney statements: During depositions: (a) attorneys shall not make objections or statements designed to suggest an answer to the witness; and (b) attorney's statements when making objections shall be succinct, stating the basis for the objection and nothing more.

(2) Instructions Not to Answer: During depositions, attorneys shall not direct or request that a witness not answer a question, unless: (a) the attorney has objected on the ground that the answer is protected by privilege; (b) the answer is protected by some limitation on evidence ordered by the Court; or (c) the attorney states on the record that a Protective Order will be sought with respect to the question asked, and then, unless otherwise resolved by the parties, files a motion for Protective Order within five business days after the refusal to answer is given.

**4. Dispositive Motions** shall be filed by January 15, 2027 **(the "dispositive motions filing deadline")** and shall be scheduled for a hearing date to be held within 61 days after the filing of the motion. Such motions must be scheduled through the scheduling process under the Local Civil Rules within 3 days of the filing of the Motion with the Court.

**5. Mediation** shall be conducted unless, upon motion, the Court orders otherwise under the 26th Judicial District Local Rules Governing Mediated Settlement Conferences in Superior Court Civil Actions. All forms of ADR must be completed no later than 185 days after the entry of the Case Management Order. (The actual ADR deadline will be assigned at the time the Order for ADR (CCF-14) is issued.)

**6. Assignment of Trial Date:** After **282** days from the date of this Order, unless the final disposition has been filed with the Clerk of Superior Court's Office closing the case, the parties shall have 15 calendar days to collaborate and agree upon a date for trial within the next 90 days. Once agreement has been reached upon a trial date or it has been determined an agreement on a trial date is not possible, the parties must file a fully completed Request to Set (Local Form CCF-2) with the Clerk of Superior Court. If an agreement is unable to be reached, the Superior Trial Caseflow Coordinator will schedule a conference with the parties to discuss the setting of a trial date. After consideration of all parties' situations, the Superior Trial Caseflow Coordinator shall enter a trial date with or without agreement from all parties. Failure to timely file the required form shall not delay the setting of the trial date but shall serve as a waiver for any input into the setting of the trial date.

Failure to comply with the deadlines set forth in this Case Management Order may result in the exclusion of evidence or witnesses not timely disclosed, absent a showing of excusable neglect for noncompliance.

6/18/2026 12:01:50 PM

**6/18/2026**

Date

Senior Resident Superior Court Judge/Designee

Signatures of Parties or their Attorneys:

6/12/26 — Shawn Copeland (on behalf of

Date

6/12/26 — Elizabeth C. Thomas (on behalf of Defendant)

Date

Date

Date

*Local Form CCF-23A, Rev. 7/2025*

*© NC Judicial Branch 26*

# EXHIBIT A-13

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

**DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SUZANNE SMITH**

Defendant Piedmont Airlines, Inc. ("Defendant" or "Piedmont"), by counsel, and pursuant to Rules 26, 33, and 34 of the North Carolina Rules of Civil Procedure, propounds the following interrogatories and requests for production of documents to Plaintiff Suzanne Smith ("Plaintiff") to be answered under oath within thirty (30) days after service.

**INSTRUCTIONS**

A. Defendant requests that Plaintiff answer the following interrogatories, separately and fully in writing, under oath, and produce or permit Defendant to inspect and copy the documents requested herein within thirty (30) days of service, pursuant to Rules 33 and 34 of the North Carolina Rules of Civil Procedure.

B. In answering the interrogatories, Plaintiff is requested to furnish all information, including hearsay, in the possession of the Plaintiff's attorney(s), agents, investigators, employees, independent contractors, and all other persons acting on behalf of Plaintiff, and not merely such information known to the personal knowledge of the person answering the interrogatories.

C. To the extent Plaintiff refuses to provide an answer to any of the following interrogatories based on an objection or the assertion of any type of privilege, Plaintiff is requested

to provide a detailed factual description explaining the grounds for the assertion of the objection or privilege. Plaintiff is also requested to respond to any alleged objectionable interrogatory to the extent the response does not conflict or waive the objection or assertion of privilege by Plaintiff.

D. The interrogatories and requests for production of documents which follow are to be considered as continuing to the extent permitted under Rule 26(e) of the North Carolina Rules of Civil Procedure. You are requested to provide, by way of supplementary answers or production of documents, such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers and responses to these interrogatories and requests for production of documents. Such supplementary responses are to be served upon Defendant immediately upon receipt of such information.

E. If any documents requested herein have been lost, discarded, or destroyed, the documents so lost, discarded, or destroyed shall be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and the person disposing of the document.

F. If any document is withheld under a claim of privilege or other protection, so as to aid the court and the parties hereto to determine the validity of the claim of privilege or other protection, provide the following information with respect to any such document: (1) the nature of the privilege you claim; (2) the facts upon which you rely as the basis for claiming the privilege; (3) the identity of the person(s) who created, wrote or prepared the document, who signed it, and the title of the document (if any); (4) the general subject matter of the document; (5) the general nature of the document (e.g., letter, memorandum); (6) the nature and substance of the document with sufficient particularity to enable the court and parties hereto to identify the document; (7) the identity of the person(s) to whom the document was directed; (8) the date the document was

created, written, prepared or transmitted; (9) the time period, if any, that the document relates to or concerns; (10) the identity of the person who has custody of, or control over, the document and each copy thereof; (11) the identity of each person to whom the document, or copies thereof, was furnished, circulated or shown; (12) the identity of each person now in possession of the document or any copy thereof; (13) the number of pages of the document; and (14) whether any non-privileged matter is included in the document.

G. Plaintiff shall produce all electronically stored information ("ESI") in its native format to the extent such information exists in native format at the time of production. If any ESI cannot reasonably be produced in native format, Plaintiff shall produce the information in a reasonably usable electronic format that preserves the metadata and functionality of the original file to the extent practicable.

## DEFINITIONS

A. "Identify" or "identity", when referring to a natural person, means to provide an identification sufficient to notice a deposition of such person with process to require his or her attendance at a place of examination and shall include without limitation, his or her full name, present or last known address, present or last known telephone number, present or last known business affiliation and address, title or occupation, and each of the positions held by such persons during the applicable time covered by any answer referring to such person;

B. "Identify" or "identity", when referring to a document or documentation means to give sufficient characterization of said document or documentation so as to have identified it "with reasonable particularity" for the purposes of Rule 34 of the North Carolina Rules of Civil Procedure and shall include, without limitation, the following information with respect to such document or writing:

1. The author of the document or documentation;
2. The date appearing on said document or documentation, and if it has no date, the answer shall so state and shall give the date or approximate date said document or documentation was prepared;
3. The general nature or description of said document or documentation;
4. The name of the person, if any, to whom such document or documentation was addressed and the name of each person other than such addressee to whom such document or copies thereof, were given or sent, if any;
5. The name and address of the person having present possession, custody or control of such document or documentation.

C. "Document" or "documentation" is used in its broadest sense to include any information-containing paper, writing or thing, including the original or copies of any written, recorded, electronic, or graphic matter, however produced or reproduced. The term document or documents includes, without limitation, any book, pamphlet, periodical, papers, letter, diary, correspondence, note, electronically stored information, electronic communication, electronic bulletin board or blog posting, email, other computer stored information (including information stored on a desktop, laptop, personal computer, personal digital computer, ZIP disks, flash/thumb/pen/USB drives, external hard drives or back up tapes), telegram, invoice, contract, purchase order, estimate, report, memorandum, intraoffice communication, working paper, study paper, worksheet, estimating sheet, bid, bill, record, timecard, work record, chart, graph, index, computer printout, photograph, data sheet, data processing card or tape recording, recording, transcription thereof, bank statements, phone records, checks, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or

recording, however produced or reproduced, which is in Plaintiff's possession, custody or control, or in the possession, custody or control of any agent, officer, or employee of Plaintiff, or of Plaintiff's attorneys.

D. "Plaintiff," "you," or "your," where used in these interrogatories and requests for production of documents, refers to Plaintiff Suzanne Smith, and/or her agents, representatives, investigators, attorneys and all persons acting for or on behalf of her.

E. "Complaint" means the Complaint filed by Plaintiff in the Superior Court for Mecklenburg County on April 2, 2026, with case number 26CV018660-590.

F. "Lawsuit" refers to case number 26CV018660-590 in the Superior Court for Mecklenburg County.

F. "VEO" or "VEOPs" refers to Voluntary Early Out or Voluntary Early Out Programs offered by Piedmont or American Airlines to employees.

G. "MSS VEO Agreement" means the Management and Support Staff Voluntary Early Out Agreement entered into by Plaintiff and Defendant on or about September 17, 2020.

H. "OAL/ZED" refers to Other Airline and Zonal Employee Discount travel privileges, which allow airline employees/retirees and their eligible dependents to fly on other carriers at discounted rates.

I. "65-point plan" or "65-point travel plan" refers to travel benefits available to employees who have at least 10 years of service and whose age plus years of service equals at least 65 at time of separation.

J. "Refer," "relate," "reflect," "regard," "refer to," "relate to," "relating to," and "concerning" (or forms thereof) shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting upon, relevant to, impinging or impacting upon, affecting,

responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, or constituting. With respect to a document, the terms "refer," "relate," "reflect," "regard," "refer to," "relate to," "relating to," and "concerning" (or forms thereof) include the document itself.

K. Nouns, whether singular or plural herein, shall be construed either as singular or plural as necessary to bring within the scope of these requests any responses which might otherwise be construed to be outside their scope.

L. The terms "and" or "or" shall be construed both conjunctively and disjunctively and each shall include the other whenever such dual construction will serve to bring within the scope of these requests any responses which might otherwise be construed to be outside their scope.

M. The term "state the basis" for a particular contention means to conduct a reasonable inquiry of the facts in your possession, custody, or control and set forth the material facts that form the basis for that contention.

## INTERROGATORIES

1. Identify all email addresses (professional and personal), social media user/profile names (including the relevant social media application to which the username applied), and telephone numbers (including personal and professional) you have had since 2020.

**ANSWER**:

2. State with particularity the basis for, nature of, and calculation of all damages you are seeking as a result of the allegations referred to in the Complaint, including, but not limited to,

the value of the OAL/ZED travel benefits you claim you have lost, any out-of-pocket expenses incurred, and any other damages you seek to recover.

**ANSWER:**

3. Identify all communications you have had with any current or former employee of Defendant regarding the VEO program, your eligibility for travel benefits, and/or your allegations that Defendant breached the MSS VEO Agreement from 2020 to the present. For each communication, identify:

(a) All participants in the communication;

(b) The date and time of the communication;

(c) The medium of communication (phone, in person, text, email, etc.); and

(d) The material facts stated in the communication.

**ANSWER:**

4. Identify all communications you had with any current or former employee of Defendant regarding the 65-point plan, your eligibility for full retiree travel, and/or OAL/ZED travel benefits from 2020 to present. For each communication, identify:

(a) All participants in the communication;

(b) The date and time of the communication;

(c) The medium of communication (phone, in person, text, email, etc.); and

(d) The material facts stated in the communication.

**ANSWER:**

5. Identify all communications you had with any current or former employee regarding American Airlines' role in providing or administering travel benefits, including any communications regarding any five-year credit to your age or years of service for 65-point plan calculations from 2020 to present. For each communication, identify:

(a) All participants in the communication;
(b) The date and time of the communication;
(c) The medium of communication (phone, in person, text, email, etc.); and
(d) The material facts stated in the communication.

**ANSWER:**

6. Identify all steps you have taken to obtain or use OAL/ZED travel benefits from 2020 to present, including identifying:

(a) The dates on which you attempted to use OAL/ZED travel benefits;
(b) The airline(s) with which you attempted to book travel;
(c) The destinations to which you attempted to travel;
(d) Whether your attempt to use OAL/ZED benefits was successful or unsuccessful;
(e) If unsuccessful, the reason given for denial of OAL/ZED benefits; and
(f) Any alternative travel arrangements you made and the cost thereof.

**ANSWER:**

7. Describe in detail all airline travel (both leisure and for work) that you have taken since 2020 to the present. For avoidance of doubt, your response should include: (i) the dates of your travel; (ii) destinations; (iii) the airline(s) you flew; (iv) the class of travel (e.g., Main Cabin, Business Class, First Class, etc.); (v) who paid for the airfare; (vi) whether you utilized any travel benefit or privilege (whether your own or someone else's) (e.g., D2R, OAL/ZED, etc.); and if so, (vii) the nature of the benefit or privilege (including whose benefit or privilege it was).

**ANSWER:**

8. State the basis for your contention that you were eligible for 65-point travel plan benefits at the time you entered into the MSS VEO Agreement, including how you calculated your age and years of service.

**ANSWER:**

9. Identify the documents you relied upon in deciding to accept Piedmont's offer of the VEO program, as alleged in Paragraph 35 of your Complaint.

**ANSWER:**

10. State the basis for your contention that you would not have accepted Piedmont's offer had it not included OAL/ZED travel benefits, as alleged in Paragraph 35 of your Complaint.

**ANSWER:**

11. State the basis for your contention that Defendant's breach was "willful" as alleged in Paragraph 40 of your Complaint.

**ANSWER:**

12. Have you ever filed any other lawsuit or administrative complaint against Piedmont, American Airlines, or any other airline? If so, please state:

(a) Court or agency, cause number, and date of each filing;
(b) The nature of the claims asserted therein and the damages sought and awarded (if any); and
(c) The current status and/or outcome of each case.

**ANSWER:**

13. Identify all current or former airline employees or representatives (whether from Piedmont, American Airlines, or other airlines) with whom you have communicated about the VEO program, travel benefits, or the allegations that are the focus of this lawsuit since 2020.

**ANSWER:**

14. State the basis for your contention that specific performance is the appropriate remedy in this case, and describe in detail how Defendant can specifically perform the MSS VEO Agreement as you allege in your First Claim for Relief.

**ANSWER:**

15. Identify all trips you and/or your husband have taken using travel benefits from Piedmont or American Airlines from 2020 to the present, including the dates of travel, destinations, airlines used, and type of travel benefit utilized.

**ANSWER:**

16. Have you, or anyone acting on your behalf, obtained from any person or entity any report, statement, memorandum, or testimony concerning any of the matters alleged in the Complaint or in your answers to these Interrogatories? If so, state:

(a) The identity of all such persons or entities;
(b) When and where each such report, statement, memorandum, or testimony was taken;
(c) The identity of all individuals present;
(d) The method of recording; and,

(e) The identity of the person(s) having custody of each such statement, report, memorandum, or testimony.

**ANSWER:**

17. For each expert witness you intend to call at trial, state:

(a) The expert's identity;
(b) The identity of the expert's employer;
(c) The subject matter about which each such expert is expected to testify;
(d) The present occupation of each such expert;
(e) The substance of the facts to which each such expert is expected to testify;
(f) The opinions to which each such expert is expected to testify; and,
(g) A detailed summary of the grounds for each opinion.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents identified in your answers to Defendant's Interrogatories.

**RESPONSE:**

2. All documents and communications (including text or social media messages) with any current or former Piedmont or American Airlines employee about the VEOPs.

**RESPONSE:**

3. All documents and communications (including text or social media messages) with anyone about the VEOPs.

**RESPONSE:**

4. All documents and communications (including text or social media messages) discussing or otherwise regarding "OAL/ZED travel benefits" as you use that term in your Complaint.

**RESPONSE:**

5. All documents and communications (including text or social media messages) discussing or otherwise regarding the 65-point plan.

**RESPONSE:**

6. All documents and communications (including text or social media messages) discussing or otherwise regarding "full retiree" status as you use that term in your Complaint.

**RESPONSE:**

7. All documents and communications (including text or social media messages) discussing or otherwise regarding this Lawsuit.

**RESPONSE:**

8. All documents and communications (including text or social media messages) that evidence or otherwise reflect the damages you claim you **have suffered** and for which you seek recovery in this Lawsuit.

**RESPONSE:**

9. All documents and communications (including text or social media messages) that evidence or otherwise reflect the damages you claim you **will suffer** if you do not receive full retiree travel benefits, including OAL/ZED benefits.

**RESPONSE:**

10. All documents and communications (including text or social media messages) listing or otherwise discussing Frequently Asked Questions (FAQ) for the VEOPs.

**RESPONSE:**

11. All copies of the MSS VEO Agreement, MSS VEO Approval Notice, and any related documents referenced therein.

**RESPONSE:**

12. All copies of the "New VEO plan comparison (June VEO)" or similar comparison documents you received.

**RESPONSE:**

13. All documents and communications that support your contention that Defendant can "specifically perform" under the MSS VEO Agreement.

**RESPONSE:**

14. Copies of your federal and state income tax returns (or schedules thereto) for tax years 2020-2025 showing or relating to any travel benefits.

**RESPONSE:**

15. All documents and communications that evidence or otherwise show how you have attempted to use or otherwise obtain OAL/ZED benefits since March 2025.

**RESPONSE:**

16. All boarding passes, flight itineraries, travel confirmations, or other documents evidencing travel you have taken using airline travel benefits since September 30, 2020.

**RESPONSE:**

17. All documents relating to any expenses you incurred as a result of being denied OAL/ZED travel benefits, including alternative travel costs.

**RESPONSE:**

18. All documents in your possession, custody, or control which relate to your employment with Piedmont, the VEO program, or travel benefits.

**RESPONSE:**

19. All posts from social media sites or blogs, including but not limited to Facebook, Twitter/X, LinkedIn, Instagram, TikTok, etc., which refer or relate to any of the facts, claims or defenses in this Lawsuit, your travel benefits, Piedmont, or American Airlines.

**RESPONSE:**

20. All documents evidencing your eligibility calculation for the 65-point plan, including your date of birth, hire date, and any documents reflecting any five-year credit to your age or years of service.

**<u>RESPONSE:</u>**

21. All documents you contend support your allegation in Paragraph 17 of your Complaint that you had 10 years of service at the time of entering the MSS VEO Agreement.

**<u>RESPONSE:</u>**

22. All documents pertaining to your separation from employment with Piedmont, including any exit paperwork, separation notices, or correspondence.

**<u>RESPONSE:</u>**

23. All documents provided to, produced by, or relied upon by any expert witness whose testimony you may use at trial.

**<u>RESPONSE:</u>**

24. All statements, text messages, emails, or other communications (including text or social media messages) between you, on the one hand, and your husband or any other travel companion, on the other, regarding the travel benefits at issue, the VEO program, or this Lawsuit.

**<u>RESPONSE:</u>**

25. To the extent not already produced in response to the other requests herein, produce all documents that you contend support any of your allegations or claims asserted in the Complaint.

**RESPONSE:**

Respectfully submitted,

By: *Thomas A. Swafford*
Lauren G. Goetzl (NC Bar No. 55939)
Kelsey Dorton (NC Bar No. 55256)

**FISHER & PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
E-mail: lgoetzl@fisherphillips.com
Email: kdorton@fisherphillips.com

Elizabeth C. Thomas (TX Bar No. 24100166)
*(admitted pro hac vice)*
Thomas A. Swafford (TX Bar No. 24141909)
*(admitted pro hac vice)*
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
E-mail: elizabeth.thomas@kellyhart.com
E-mail: thomas.swafford@kellyhart.com

*Attorneys for Defendant Piedmont Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026 the foregoing was served upon the following by email:


Shawn A. Copeland
Charles B. Melcombe
**COPELAND RICHARDS, PLLC**
PO Box 430
Davidson, North Carolina 28036
Email: shawn@copelandrichards.com
Email: charlie@copelandrichards.com
*Counsel for Plaintiff*


Respectfully submitted,

By: *Thomas A. Swafford*

# EXHIBIT A-14

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**FILE NO. 26CV018660-590**

| | | |
|---|---|---|
| **SUZANNE SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER GRANTING MOTION TO ENLARGE TIME TO SERVE DISCOVERY RESPONSES** |
| | ) | |
| **PIEDMONT AIRLINES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the motion of Plaintiff Suzanne Smith ("Plaintiff") for an extension of time in which to serve her answers, objections, or other responses in response to Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiff Suzanne Smith ("Discovery Requests") in this matter. FOR GOOD CAUSE SHOWN, it hereby is ORDERED that the motion of Plaintiff is GRANTED and that the time within which Plaintiff Suzanne Smith shall serve her answers, objections, or other responses in response to Defendant's Discovery Requests in this matter is extended for a period of time through and including August 31, 2026.

**SO ORDERED** on 7/7/2026 11:37:21 am.

/s/ Mitchell Woodard
Deputy/Assistant Clerk of Superior Court

# EXHIBIT A-15

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**FILE NO. 26CV018660-590**

| | | |
|---|---|---|
| **SUZANNE SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MOTION TO ENLARGE TIME TO SERVE DISCOVERY RESPONSES** |
| | ) | |
| **PIEDMONT AIRLINES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Pursuant to Rule 6(b) of the North Carolina Rules of Civil Procedure, Plaintiff Suzanne Smith ("Plaintiff"), by counsel, hereby moves this Court for an Order granting Plaintiff an extension of time, through and including August 31, 2026, to serve her answers, objections, or other responses in response to Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiff Suzanne Smith ("Discovery Requests") in this matter. The undersigned counsel for Plaintiff states the following in support of this Motion:

1. The Discovery Requests were served to Plaintiff on July 1, 2026.

2. This Motion is made prior to the expiration of the July 31, 2026 deadline within which Plaintiff must otherwise serve her answers, objections, or other responses in response to the Discovery Requests.

3. Plaintiff therefore seeks the 30-day extension of time requested herein to allow the undersigned counsel sufficient time to prepare and serve on Plaintiff's behalf her answers, objections, or other responses in response to the Discovery Requests, and to undertake the necessary investigation research in advance thereof.

4. A proposed Order is filed herewith in the form attached.

**SUZANNE SMITH**

By: /s/ Shawn A. Copeland
Shawn A. Copeland (NC Bar #36345)
Charles B. Melcombe (NC Bar #54204)
COPELAND RICHARDS, PLLC
PO Box 430
Davidson, NC 28036
Phone: 704.439.4441
Fax: 704.439.4413
Email: *shawn@copelandrichards.com*
*charlie@copelandrichards.com*

***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2026, a true copy of the foregoing **MOTION TO ENLARGE TIME TO FILE RESPONSIVE PLEADINGS** was filed with the Mecklenburg County Clerk of Court using the eFile North Carolina system, which will provide service by email to the following:

Lauren G. Gooetzl, Esq.
Kelsey Dorton, Esq.
FISHER & PHILLIPS LLP
227 West Trade Street, Suite 2020
Charlotte, NC 28202
Phone: 704.334.4565
Fax: 704.334.9774
Email: *lgoetzl@fisherphillips.com*
*kdorton@fisherphillips.com*

***Counsel for Defendant***

Elizabeth C. Thomas, Esq.
Thomas A. Swafford, Esq.
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Phone: 817.332.2500
Fax: 817.878.9280
Email: *elizabeth.thomas@kellyhart.com*
*thomas.swafford@kellyhart.com*

***Counsel pro hac vice for Defendant***

By: /s/ Shawn A. Copeland

# EXHIBIT A-16

**STATE OF NORTH CAROLINA**

MECKLENBURG County

FILED
DATE: July 8, 2026
TIME: 2:03:08 PM
MECKLENBURG COUNTY
CLERK OF SUPERIOR COURT
BY: R. Smith

File No. 26CV018660-590

In The General Court Of Justice
Superior Court Division

*Name Of Plaintiff(s)*
SUZANNE SMITH

*Name And Address Of Plaintiff's Attorney (or Pro Se Plaintiff's Address)*
Shawn A. Copeland and Charles B. Melcombe
Copeland Richards PLLC
PO Box 430
Davidson NC 28036

*Telephone No.*
704.439.4441

*Plaintiff's Attorney's Email Address (or Pro Se Plaintiff's Email Address)*
shawn@copelandrichards.com charlie@copelandrichards.com

**VERSUS**

*Name Of Defendant(s)*
PIEDMONT AIRLINES, INC.

*Name And Address Of Defendant's Attorney (or Pro Se Defendant's Address)*
Elizabeth C. Thomas and Thomas A. Swafford (pro hac vice)
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth TX 76102

*Telephone No.*
817.332.2500

*Defendant's Attorney's Email Address (or Pro Se Defendant's Email Address)*
elizabeth.thomas@kellyhart.com thomas.swafford@kellyhart.com

# DESIGNATION OF MEDIATOR BY AGREEMENT OF PARTIES IN SUPERIOR COURT CIVIL ACTION AND ORDER OF APPOINTMENT

**NOTICE:**
Plaintiff's attorney should complete the form, sign below, return to the Senior Resident Superior Court Judge within 21 days after the date of the Order for Mediated Settlement Conference, and distribute copies as noted below.

G.S. 7A-38.1; Rule 2 of the Rules for Mediated Settlement Conferences and Other Settlement Procedures in Superior Court Civil Actions

*Trial Date*

*Date Of Order Referring Matter To Mediation*
06/17/2026

*Deadline For Completion Of Mediated Settlement Conference*
11/16/2026

## NOTICE OF SELECTION OF CERTIFIED MEDIATOR BY AGREEMENT

The above named case was referred to a mediated settlement conference. The parties named below have selected the mediator named below who has agreed to serve in this case and is certified pursuant to the Rules for Mediated Settlement Conferences. The parties named below request that the Senior Resident Superior Court Judge approve the designation of this mediator.

*Names Of Parties And Their Attorneys, If Any, Who Have Agreed To The Designation*
Suzanne Smith, Plaintiff - Shawn A. Copeland and Charles B. Melcombe, Counsel for Plaintiff
Piedmont Airlines, Inc, Defendants - Elizabeth C. Thomas, Thomas A. Swafford, Lauren Goetzl, and Kelsey Dorton, Counsel for Defendants

*Name And Address Of Certified Mediator*
Steve Dunn, Esq.
Miles Mediation & Arbitrration
6101 Carnegie Boulevard, Suite 450
Charlotte NC 28209

*Telephone No.*
704.608.6063

*Mediator's Email Address*
sdunn@milesadr.com

The parties and the mediator have agreed upon the mediator's rate of compensation as follows: *(specify all terms of the compensation agreement)*
$350/hour and admin fee of $200 per party

**NOTE:** *As an aid to mediator selection, the NC Dispute Resolution Commission maintains a list of certified superior court mediators at www.NCDRC.gov. Click on "Find a Mediator" and then click on "Mediated Settlement Conference Program." You may search for mediators by name or by judicial district. Once a mediator's name appears on your screen, click on it for a complete contact and availability listing.*

| *Date* | *Name Of Attorney (or Pro Se Party)* | *Signature Of Attorney (or Pro Se Party)* |
|---|---|---|
| 07/08/2026 | Shawn A. Copeland, Esq. | /s/ Shawn A. Copeland |

Original-File Copy-Senior Resident Superior Court Judge or his/her designee
Copy-Plaintiff Copy-Defendant Copy-Mediator

AOC-CV-812, Rev. 1/25
(Over)
© 2025 Administrative Office of the Courts

7/8/2026 12:47:59 PM

## ORDER OF APPOINTMENT

The parties having agreed upon the selection of a mediator, the Court hereby grants the parties' request for the selected mediator to conduct the mediated settlement conference.

| Date | Name Of Senior Resident Superior Court Judge/Judge's Designee | Signature Of Senior Resident Superior Court Judge/Judge's Designee |
|---|---|---|
| 7/8/2026 | Michael P Chaney | [signature] |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing Designation Of Mediator By Agreement Of Parties In Superior Court Civil Action And Order Of Appointment was served on the above-selected mediator and the parties at the addresses below by placing a copy of the same in the United States Mail, postage prepaid. *(Please provide names and addresses for the mediator and parties served in the spaces below. Attach additional sheets if necessary.)*

| | |
|---|---|
| *Name And Address Of Mediator*<br>Steve Dunn, Esq. sdunn@milesadr.com<br>Miles Mediation & Arbitration<br>6101 Carnegie Boulevard, Suite 450<br>Charlotte NC 28209 | *Name And Address Of Party Or Attorney*<br>Kelsey Dorton, Esq. kdorton@fisherphillips.com<br>Fisher & Phillips LLP<br>227 West Trade Street, Suite 2020<br>Charlotte NC 28202 |
| *Name And Address Of Party Or Attorney*<br>Elizabeth C. Thomas, Esq. elizabeth.thomas@kellyhart.com<br>Kelly Hart & Hallman LLP<br>201 Main Street, Suite 2500<br>Fort Worth TX 76102 | *Name And Address Of Party Or Attorney* |
| *Name And Address Of Party Or Attorney*<br>Thomas A. Swafford, Esq. thomas.swafford@kellyhart.com<br>Kelly Hart & Hallman LLP<br>201 Main Street, Suite 2500<br>Fort Worth TX 76102 | *Name And Address Of Party Or Attorney* |
| *Name And Address Of Party Or Attorney*<br>Lauren G. Goetzl, Esq. lgoetzl@fisherphillips.com<br>Fisher & Phillips LLP<br>227 West Trade Street, Suite 2020<br>Charlotte NC 28202 | *Name And Address Of Party Or Attorney* |

| Date | Name Of Party (type or print) | Signature Of Party Or Party's Attorney |
|---|---|---|
| 07/08/2026 | Shawn A. Copeland, Counsel for Plaintiff | /s/ Shawn A. Copeland |

**NOTE TO MEDIATOR:** *The mediator shall be responsible for designating the location of the conference, if the parties are not able to agree, and giving timely notice to all attorneys and unrepresented parties of the time and location of the conference. The mediated settlement conference shall be completed by the deadline set forth on Side One, and the mediator shall report the results of the conference to the court within ten (10) days after the conference is completed or within ten (10) days of being advised by a party that the case settled or was otherwise disposed of prior to the mediation.*


© 2025 Administrative Office of the Courts

# EXHIBIT A-17

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

| | | |
|---|---|---|
| SUZANNE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>PIEDMONT AIRLINES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT |

Plaintiff Suzanne Smith ("Plaintiff" or "Smith"), by and through counsel, pursuant to Rules 33 and 34 of the North Carolina Rules of Civil Procedure, propounds the following First Interrogatories and Requests for Production of Documents upon Defendant Piedmont Airlines, Inc. ("Defendant" or "Piedmont").

Sworn answers to the Interrogatories must be served on counsel for Defendants/Counterclaim Plaintiffs within the time allotted by Rule 33 of the North Carolina Rules of Civil Procedure. Production of the requested documents, or photostatic copies thereof, shall be made at the offices of counsel for Plaintiff within the time allotted by Rule 34 of the North Carolina Rules of Civil Procedure.

## Instructions and Definitions

A. The term "document" (or "documents") is an all-inclusive term referring to any writing and/or recorded, computerized, photographic, or graphic matter, however produced, stored, or reproduced, including, without limitation, correspondence, memoranda, interoffice communications, minutes, reports, notes, schedules, analyses, drawings, diagrams, tables, graphs, charts, maps, surveys, books of account, ledgers, invoices, pleadings, questionnaires,

contracts, bills, checks, drafts, diaries, logs, proposals, printouts, photographs, recordings, telegrams, films, data stored on microfilm or microfiche, or electronically filed information, including information stored in computer banks, on disks, or any other electronic device, of any kind whatsoever and all other documents, tangible or retrievable, of any kind. The term document (or documents) also includes preliminary notes and drafts of all of the foregoing, in whatever form.

B. "Identify," "identity," or "identification" when used in reference to an individual person means to state the person's full name, present or last known address, present or last known email address, and present or last known position and business affiliation. When used in reference to a document, "identify" or "identification" means to state the following as to each document:

i. The nature and contents thereof;

ii. The date thereof;

iii. The name, address, and position of the author and each signatory;

iv. The name, address, and position of the addressee, if any; and

v. The present location thereof and the name, present address, and position of the person or persons having present custody thereof.

C. The term "you" or "your" or "Piedmont" refers to Defendant, and any and all of the respective agents, employees, representatives and attorneys thereof.

D. The term "communication" refers to any form of discourse, whether verbal or written and whether in person or through some other means including but not limited to telephone, telegram, e-mail, instant messaging or other electronic media.

E. The term "Complaint" refers to the Complaint filed by Plaintiff on April 2,

2026.

F. The term "Answer" refers to "Defendant Piedmont Airlines, Inc.'s Answer to Plaintiff's Complaint," filed on May 8, 2026.

G. "VEO" or "VEOPs" refers to Voluntary Early Out or Voluntary Early Out Programs offered by Piedmont or American Airlines to employees.

H. "MSS VEO Agreement" means the Management and Support Staff Voluntary Early Out Agreement entered into by Plaintiff and Defendant on or about September 17, 2020.

I. "OAL/ZED" refers to Other Airline and Zonal Employee Discount travel privileges, which allow airline employees/retirees and their eligible dependents to fly on other carriers at discounted rates.

J. "65-point plan" or "65-point travel plan" refers to travel benefits available to employees who have at least 10 years of service and whose age plus years of service equals at least 65 at time of separation.

K. Capitalized but undefined terms herein shall have the same meanings attributed to them in the Complaint and Answer.

L. If any document requested herein is withheld from production on the grounds of privilege, the basis of the assertion of such privilege shall be stated, and each document withheld shall be identified by type, date, author, address, subject matter, and any additional detail needed to permit the Court to adjudicate the validity of the assertion of the privilege.

M. Identify each document formerly in your possession, custody, or control which would have been responsive to these requests, but which has been destroyed, discarded, or otherwise disposed of, and identify the person disposing of such document, the time and place

of such disposal, the person maintaining possession, custody, or control of such document during its existence, and the person ordering or authorizing the disposal of such document.

## INTERROGATORIES

1. Identify all individuals with knowledge of the factual matters alleged or referred to in the Complaint, the Answer, these Interrogatories, or your answers hereto, and for each individual identified, provide a summary of the nature of his or her knowledge.

**ANSWER**:

2. Identify all persons whom you intend to call as witnesses at the trial of this case, including in your answer a description of the subject matter on which each witness is expected to testify and, as to each expert witness, provide the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, a summary of the grounds for each opinion, and the identification of all documents reviewed or relied upon by the expert relating to this case.

**ANSWER**:

3. Itemize and describe with specificity each and every communication between you and Plaintiff related in any way to the matters alleged or referred to in the Complaint, Answer, these interrogatories, or your answers hereto, including in your answer as to each such communication, the date and time of the communication, the manner of communication (*i.e.*, written or oral), the identities of the individuals from whom and to whom the communication was directed, a description of the contents of the communication, and (as to each oral communication) the locations and identities of all individuals present at the time it was made and whether the oral communication was in person or telephonic.

**ANSWER**:

4. Itemize and describe with specificity each communication between you and all persons and entities other than Plaintiff, related to the matters alleged or referred to in the Complaint, Answer, these interrogatories, or your answers hereto, with the exception of privileged communications with your attorney. Include in your answer as to each such communication, the date and time of the communication, the manner of communication (*i.e.*, written or oral), the identities of the individuals from whom and to whom the communication was directed, a description of the contents of the communication, and (as to each oral communication) the locations and identities of all individuals present at the time it was made and whether the oral communication was in person or telephonic.

**ANSWER**:

5. Itemize and describe with specificity each and every communication between and/or among Defendant's agents, employees, representatives, and officers related in any ways to the matters alleged or referred to in the Complaint, the Answer, these interrogatories, or your answers hereto, including in your answer as to each such communication, the date and time of the communication, the manner of communication (*i.e.*, written or oral), the identities of the individuals from whom and to whom the communication was directed, a description of the contents of the communication, and (as to each oral communication) the locations and identities of all individuals present at the time it was made and whether the oral communication was in person or telephonic.

**ANSWER**:

6. State the basis for your denial of the allegations set forth in paragraph 16 of the Complaint, including in your answer an itemization of the facts supporting your denial and the evidence upon which said facts are based.

**ANSWER**:

7. State the basis for your denial of the allegations set forth in paragraph 17 of the Complaint that Plaintiff had "a total of 10 years of service (5 years of service with Piedmont, plus the additional 5 years credited by American Airlines ('AA') as reflected on the New VEO Plan Comparison accompanying Ms. Smith's MSS VEO Approval Notice)," including in your answer an itemization of the facts supporting your denial and the evidence upon which said facts are based.

**ANSWER**:

8. State the basis for your denial of the allegations set forth in paragraph 18 of the Complaint that "Piedmont approved Plaintiff's MSS VEO Agreement, including the 'VEO Type,' Pay Priority w/ 65 Point AA Retiree Travel," including in your answer an itemization of the facts supporting your denial and the evidence upon which said facts are based.

**ANSWER**:

9. Identify the individual who signed the MSS VEO Approval Notice on the line identified for "Manager Signature," and state said individual's job title, job description, and immediate supervisor as of September 2020.

**ANSWER**:

10. State the basis for your denial of the allegations set forth in paragraph 19 of the Complaint that "Plaintiff's MSS VEO Approval Notice ... listed Plaintiff's 'VEO Type' as 'Pay priority w/65 point AA Retiree Travel'" and that it was signed "by a manager authorized to sign on behalf of Piedmont," including in your answer an itemization of the facts supporting your denial and the evidence upon which said facts are based.

**ANSWER**:

11. State the basis for your denial of the allegations set forth in paragraph 21 of the Complaint that the "MSS VEO Agreement that Piedmont approved and agreed to entitled Plaintiff to the full range of full retirement / 65-point travel plan benefits, including but not limited to OAL and ZED travel," including in your answer an itemization of the facts supporting your denial and the evidence upon which said facts are based.

**ANSWER**:

12. State the basis for your first affirmative/other defense set forth in the Answer that "Plaintiff's claims fail, in whole or in part, because the relief she seeks is impossible, impracticable, and/or inequitable for Piedmont to perform," including in your answer an itemization of the facts supporting your denial and the evidence upon which said facts are based.

**ANSWER**:

13. State the basis for your second affirmative/other defense set forth in the Answer that "Plaintiff's claims fail, in whole or in part, because she was not damaged by Piedmont and any claimed damages are entirely speculative," including in your answer an itemization of the facts supporting your denial and the evidence upon which said facts are based.

**ANSWER**:

14. State the basis for your third affirmative/other defense set forth in the Answer that "Plaintiff's claims fail, in whole or in part, because she does not lack a remedy at law for any alleged breach," including in your answer an itemization of the facts supporting your denial and the evidence upon which said facts are based.

**ANSWER**:

15. State the basis for your fifth affirmative/other defense set forth in the Answer that "Plaintiff's claims fail, in whole or in part, because the relief she seeks requires performance of third parties not before the Court," including in your answer an itemization of the facts supporting your denial and the evidence upon which said facts are based.

**ANSWER**:

16. With respect to your sixth affirmative/other defense set forth in the Answer that "Plaintiff's claims fail, in whole or in part, because the relief she seeks is against public policy," identify each public policy upon which said defense is based and the corresponding statutes, rules, regulations, and other sources that you contend express each such public policy.

**ANSWER**:

17. State the basis for your seventh affirmative/other defense set forth in the Answer that "Plaintiff's claims fail, in whole or in part, because of the doctrine of frustration of purpose," including in your answer an itemization of the facts supporting your denial and the evidence upon which said facts are based.

**ANSWER**:

18. State the basis for your eighth affirmative/other defense set forth in the Answer that "Plaintiff's claims fail, in whole or in part, because of Plaintiff's failure to mitigate her damages (if any)," including in your answer each way you contend that Plaintiff could have, but failed to, mitigate her damages.

**ANSWER**:

19. State the basis for your ninth affirmative/other defense set forth in the Answer that "Plaintiff's claims fail, in whole or in part, because they are barred by contract," including in your answer the date and name of each contract to which you are referring and the particular provision (section, paragraph, and/or page number) of each such contract that you contend acts to bar, in whole or in part, Plaintiff's claims.

**ANSWER**:

20. State the basis for your tenth affirmative/other defense set forth in the Answer that "Plaintiff's claims fail, in whole or in part, because they are time-barred," including in

your answer an identification of all statutory statutes of limitation that you contend act to bar Plaintiff's claims.

**ANSWER**:

21. State the basis for your twelfth affirmative/other defense set forth in the Answer that "Plaintiff's claims fail, in whole or in part, because of mutual mistake," including in your answer an itemization of the facts supporting your denial and the evidence upon which said facts are based.

**ANSWER**:

22. State the basis for your thirteenth affirmative/other defense set forth in the Answer that "Plaintiff's claims fail, in whole or in part, by the equitable doctrines of laches, waiver, unclean hands, and/or estoppel," including in your answer an itemization of the facts supporting your denial and the evidence upon which said facts are based.

**ANSWER**:

23. State the basis for your fourteenth affirmative/other defense set forth in the Answer that "Plaintiff's claims fail, in whole or in part, to the extent she relied on any documents outside of any controlling documents," including in your answer an identification of all documents that you contend constitute the "controlling documents."

**ANSWER**:

24. Identify (within the meaning of the Instructions and Definitions above) each of your former employees who executed a MSS VEO Approval Notice at any time between May 1, 2020, and December 31, 2021, and for each such individual state his/her date of hire, his/her last day work as reflected on his/her MSS VEO Approval Notice, and whether OAL/ZED travel was included in his/her VEO benefits.

**ANSWER**:

25. Identify all documents and/or tangible things you expect to present as evidence at trial not already identified in your answers to these Interrogatories.

**ANSWER**:

26. Identify any insurance policies which you contend provide coverage for the claims asserted in the Complaint, including in your answer for each such policy, the carrier, the date issued, and the policy number.

**ANSWER**:

27. Identify all civil lawsuits, pending at any time from January 1, 2020 through and including the present and to which you have been a party, in which the inclusion of OAL and ZED travel as VEO benefits has been in dispute, including in your answer (a) the style of the lawsuit, (b) the case number, and (c) the court in which the suit was filed.

**ANSWER**:

28. Identify all documents and tangible things that you decline to produce based on any asserted privilege, including, but not limited to, the attorney-client privilege and work product doctrine, and for each document and tangible thing, include in your response an identification of its author(s), date, recipient(s), number of pages, and general subject matter and a description of the reason for non-production.

**ANSWER**:

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Any and all documents referring to or otherwise regarding any of the factual matters alleged or referred to in the Complaint and Answer.

**RESPONSE:**

2. Any and all documents referring to or otherwise regarding any of the matters referenced in the preceding Interrogatories and/or your Answers thereto.

**RESPONSE**:

3. Any and all documents identified in your answers to the preceding Interrogatories.

**RESPONSE**:

4. Any and all documents used in preparing your answers to the preceding Interrogatories, irrespective of whether such documents are identified therein.

**RESPONSE**:

5. Any and all documents comprising, reflecting, referring to, or related to communications between you and Plaintiff regarding any of the matters at issue in this lawsuit.

**RESPONSE**:

6. Any and all documents comprising, reflecting, referring to, or related to any communications between you and any persons or entities other than Plaintiff, with the exception of privileged communications with your attorneys, regarding any of the matters at issue in this lawsuit.

**RESPONSE**:

7. Any and all documents comprising, reflecting, referring to, or related to any communications between and/or among your agents, employees, former employees, officers, and representatives, unless privileged, regarding the matters at issue in this lawsuit.

**RESPONSE**:

8. Any and all documents referring to or otherwise regarding consideration, preparation, and/or revision of the "New VEO plan comparison (June VEO)" document with the notation "Updated Sept. 16, 2020" at issue in this case.

**RESPONSE**:

9. Any and all documents referring to or otherwise regarding consideration, preparation, and/or revision of the June 2020 "FAQs: VEO with Pay, VEO with Travel and Health" document at issue in this case.

**RESPONSE**:

10. For each individual identified in your answer to Interrogatory 24, above:

a. his/her MSS VEO Approval Notice (as signed by him/her and by your representative);

b. the particular MSS VEO-related documents provided by you to him/her for review prior to his/her execution of the MSS VEO Approval Notice;

c. written communications with him/her (and any legal representatives thereof) discussing or otherwise regarding the inclusion of OAL and ZED travel as VEO benefits.

**RESPONSE**:

11. Any and all documents supporting facts upon which you have based your denial of the allegations set forth in paragraph 16 of the Complaint.

**RESPONSE**:

12. Any and all documents supporting facts upon which you have based your denial of the allegations set forth in paragraph 17 of the Complaint that that Plaintiff had "a total of 10 years of service (5 years of service with Piedmont, plus the additional 5

years credited by American Airlines ('AA') as reflected on the New VEO Plan Comparison accompanying Ms. Smith's MSS VEO Approval Notice)."

**RESPONSE**:

13. Any and all documents supporting facts upon which you have based your denial of the allegations set forth in paragraph 18 of the Complaint that "Piedmont approved Plaintiff's MSS VEO Agreement, including the 'VEO Type,' Pay Priority w/ 65 Point AA Retiree Travel."

**RESPONSE**:

14. Any and all documents supporting facts upon which you have based your denial of the allegations set forth in paragraph 19 of the Complaint that "Plaintiff's MSS VEO Approval Notice ... listed Plaintiff's 'VEO Type' as 'Pay priority w/65 point AA Retiree Travel'" and that it was signed "by a manager authorized to sign on behalf of Piedmont."

**RESPONSE**:

15. Any and all documents supporting facts upon which you have based your denial of the allegations set forth in paragraph 21 of the Complaint that the "MSS VEO Agreement that Piedmont approved and agreed to entitled Plaintiff to the full range of full retirement / 65-point travel plan benefits, including but not limited to OAL and ZED travel."

**RESPONSE**:

16. Any and all insurance policies identified in your answer to Interrogatory 26.


Case 3:26-cv-00840-SCR-MTO Document 1-1 Filed 10/05/26 Page 120 of 206

**RESPONSE**:

17. Any and all documents related to any insurance claim opened related to the matters at issue in this lawsuit under any insurance policy identified in your answer to Interrogatory 26.

**RESPONSE**:

18. Any and all non-privileged documents pertaining to any lawsuits identified in response to Interrogatory 27, including for each the Complaint, any Responsive Pleadings, and any Orders issued by the presiding Court.

**RESPONSE**:

19. Any and all documents that comprise the "controlling documents" as referenced in your fourteenth affirmative/other defense in the Answer.

**RESPONSE**:

20. Any and all written or recorded statements related to any of the matters at issue in this lawsuit.

**RESPONSE**:

21. Any and all documents that you contend comprise any agreement (including any drafts, modifications, or revisions thereto) between you and Plaintiff that relates to any of the matters at issue in this lawsuit.



Case 3:26-cv-00840-SCR-MTO Document 1-1 Filed 10/05/26 Page 121 of 206

**RESPONSE**:

22. Any and all documents that you contend comprise any agreement (including any drafts, modifications, or revisions thereto) between you and any third party that relates to the matters at issue in this lawsuit.

**RESPONSE**:

23. Any and all documents supporting your defenses in this lawsuit.

**RESPONSE**:

24. Any and all documents supporting the affirmative/other defenses asserted in the Answer.

**RESPONSE**:

25. Any and all documents that you identify as the "controlling documents" in your fourteenth affirmative/other defense in the Answer.

**RESPONSE**:

26. Any and all documents and other exhibits you intend to introduce or use for any other purpose at the trial of this matter.

**RESPONSE**:

**RESPONSE**:

28. The *curriculum vitae* or resume of any expert retained for trial.

**RESPONSE**:

**Continuing Responses Demanded**

As required by N.C. Rule of Civil Procedure 26(e) you are seasonably to supplement or amend your responses to these Interrogatories and Requests.

**SUZANNE SMITH**

By: ______________________________

Shawn A. Copeland (NC Bar #36345)
Charles B. Melcombe (NC Bar #54204)
COPELAND RICHARDS, PLLC
PO Box 430
Davidson, NC 28036
Phone: 704.439.4441
Fax: 704.439.4413
Email: *shawn@copelandrichards.com*
*charlie@copelandrichards.com*

***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2026, I caused a true copy of the foregoing **PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** to be delivered for service by email via the eFile North Carolina system and by regular email to the following:

Lauren G. Goetzl, Esq.
Kelsey Dorton, Esq.
Fisher & Phillips LLP
227 West Trade Street, Suite 2020
Charlotte, NC 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
Email: lgoetzl@fisherphillips.com
Email: kdorton@fisherphillips.com

***Counsel for Defendant***

Elizabeth C. Thomas, Esq.
Thomas A. Swafford, Esq.
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
Email: elizabeth.thomas@kellyhart.com
Email: Thomas.swafford@kellyhart.com

***Counsel for Defendant Pro Hac Vice***

By: ______________________________

# EXHIBIT A-18

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**FILE NO. 26CV018660-590**

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

**MOTION TO ENLARGE TIME TO SERVE**
**DISCOVERY RESPONSES**

Pursuant to Rule 6(b) of the North Carolina Rules of Civil Procedure, Defendant Piedmont Airlines, Inc. ("Defendant" or "Piedmont"), by counsel, hereby moves this Court for an order granting Defendant an extension of time, through and including **October 14, 2026**, to serve its answers, objections, or other responses in response to Plaintiff's First Interrogatories and Requests for Production of Documents to Defendant (the "Discovery Requests") in this matter. In support of same, the undersigned respectfully states as follows:

1. Plaintiff served the Discovery Requests on Defendant on August 14, 2026. Defendant's deadline to respond is September 14, 2026.

2. This Motion is made prior to Defendant's response deadline.

3. Defendant seeks a 30-day extension of time requested herein to allow its counsel adequate time to prepare and serve Defendant's responses and objections, and to undertake the necessary investigation in advance thereof.

4. A proposed Order is filed herewith in the attached form.

Respectfully submitted this 24th day of August 2026.


By: /s/ *Kelsey N. Dorton*
Lauren G. Goetzl (NC Bar No. 55939)
Kelsey Dorton (NC Bar No. 55256)
**FISHER & PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
Email: lgoetzl@fisherphillips.com
Email: kdorton@fisherphillips.com

Elizabeth C. Thomas *(pro hac vice)*
Thomas A. Swafford *(pro hac vice)*
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332 2500
Facsimile: (817) 878-9280
Email: elizabeth.thomas@kellyhart.com
Email: thomas.swafford@kellyhart.com

***ATTORNEYS FOR DEFENDANT PIEDMONT AIRLINES, INC.***

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, the foregoing was served upon the following by electronic mail using the eCourts electronic filing system:

Shawn A. Copeland, Esq.
Charles B. Melcombe, Esq.
Copeland Richards, PLLC
shawn@copelandrichards.com
charlie@copelandrichards.com
*Counsel for Plaintiff*

Respectfully submitted,

By: */s/ Kelsey N. Dorton*
Kelsey N. Dorton
**FISHER & PHILLIPS LLP**

# EXHIBIT A-19

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

**ORDER GRANTING MOTION TO ENLARGE TIME**
**TO SERVE DISCOVERY RESPONSES**

Before the Court is Defendant Piedmont Airlines, Inc.'s ("Defendant") Motion to Enlarge Time to Serve Discovery Responses (the "Motion"). By its Motion, Defendant seeks an extension of time in which to serve its answers, objections, or other responses in response to Plaintiff's First Interrogatories and Requests for Production of Documents to Defendant (the "Discovery Requests") in this matter. **FOR GOOD CAUSE SHOWN**, it is hereby **ORDERED** that Defendant's Motion is **GRANTED** and that the time within which Defendant shall serve its answers, objections, or other responses in response to the Discovery Requests is extended for a period of time through and including **October 14, 2026**.

**SO ORDERED on** 25th of August, 2026

Mitchell Woodard
Deputy / Assistant Clerk of Superior Court

# EXHIBIT A-20

**COPELAND RICHARDS**
ATTORNEYS AT LAW

PHYSICAL LOCATION
215 S. Main St., Ste. 301
Davidson, NC 28036

MAILING ADDRESS
Post Office Box 430
Davidson, NC 28036

TEL: 704.439.4441
FAX: 704.439.4413
www.copelandrichards.com

CHARLES B. MELCOMBE
charlie@copelandrichards.com

File No. 22421.00001

September 4, 2026

**VIA EMAIL** *(elizabeth.thomas@kellyhart.com)*

Elizabeth C. Thomas, Esq.
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102

***Suzanne Smith v. Piedmont Airlines, Inc.***
**Mecklenburg County Superior Court Case No. 26CV018660-590**

Dear Lizzy:

Please find enclosed Answers, Responses and Objections to Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiff Suzanne Smith.

I will forward you the verification of Plaintiff's interrogatory answers once I have received it from my client, and we will email you a link to a "share file" containing the documents we are producing.

Best regards.

Very truly yours,
COPELAND RICHARDS, PLLC

Charles B. Melcombe

Charles B. Melcombe

CBM/mpi
Enclosure

cc: Lauren G. Goetzl, Esq. (via email)
Kelsey Dorton, Esq. (via email)
Thomas A. Swafford, Esq. (via email)

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

**ANSWERS, RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SUZANNE SMITH**

Plaintiff Suzanne Smith ("Plaintiff"), by and through the undersigned counsel, states the following as her Answers, Responses and Objections to Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiff Suzanne Smith:

## GENERAL OBJECTIONS

1. Plaintiff objects to these interrogatories and requests for production to the extent that they seek production of information or documents not in Plaintiff's possession, custody or control.

2. Plaintiff objects to these interrogatories and requests for production to the extent they seek production of information or documents that are protected by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity, including without limitation, the marital communications privilege.

3. Plaintiff objects to these interrogatories and requests for production to the extent they are overly broad, unduly burdensome, seek production of information or documents not relevant to the subject matter involved in the pending action, and are not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to these interrogatories and requests for production to the extent they seek to impose duties and obligations on Plaintiff that exceed those imposed by the North Carolina Rules of Civil Procedure.

5. Plaintiff objects to these interrogatories and requests for production to the extent they seek production of information or documents that are available in the public domain or that are equally or more easily available to Defendant from another source that is more convenient, less burdensome, or less expensive.

6. Plaintiff objects to these interrogatories and requests for production to the extent they seek production of information or documents that are in Defendant's possession, custody, or control.

7. Plaintiff objects to these interrogatories and requests for production to the extent that they are vague, ambiguous, or unduly burdensome.

8. Plaintiff objects to the production of any information or documents that are of a proprietary, confidential, or sensitive nature, in the absence of an appropriate protective order.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

1. Identify all email addresses (professional and personal), social media user/profile names (including the relevant social media application to which the username applied), and telephone numbers (including personal and professional) you have had since 2020.

**ANSWER**: Since 2020, Plaintiff has used Smithsuzannemarie@gmail.com and 29928Surf@gmail.com as email addresses, and 704-728-9126 as her telephone number.

2. State with particularity the basis for, nature of, and calculation of all damages you are seeking as a result of the allegations referred to in the Complaint, including, but not limited to, the value of the OAL/ZED travel benefits you claim you have lost, any out-of-pocket expenses incurred, and any other damages you seek to recover.

**ANSWER AND OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks production of information protected by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection, Plaintiff reasonably approximates damages totaling at least $179,359, based on calculating the normal ticket price for overseas and domestic travel, less the ZED fare that Plaintiff and her husband reasonably expected to be able to use based on the benefits Piedmont had agreed to give her through the VEO plan, multiplied by the number of trips Plaintiff and her husband could reasonably expect to take. Further answering, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents from which additional information responsive to this interrogatory may be ascertained. As discovery is ongoing, Plaintiff reserves the right to supplement this answer.

3. Identify all communications you have had with any current or former employee of Defendant regarding the VEO program, your eligibility for travel benefits, and/or your allegations that Defendant breached the MSS VEO Agreement from 2020 to the present. For each communication, identify:

(a) All participants in the communication;

(b) The date and time of the communication;

(c) The medium of communication (phone, in person, text, email, etc.); and

(d) The material facts stated in the communication.

**ANSWER AND OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks production of information that is in Defendant's possession, custody, or control, or that is equally or more easily available to Defendant from another source that is more convenient, less burdensome, or less expensive. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents from which information responsive to this interrogatory may be ascertained.

4. Identify all communications you had with any current or former employee of Defendant regarding the 65-point plan, your eligibility for full retiree travel, and/or OAL/ZED travel benefits from 2020 to present. For each communication, identify:

(a) All participants in the communication;

(b) The date and time of the communication;

(c) The medium of communication (phone, in person, text, email, etc.); and

(d) The material facts stated in the communication.

**ANSWER AND OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks production of information

that is in Defendant's possession, custody, or control, or that is equally or more easily available to Defendant from another source that is more convenient, less burdensome, or less expensive. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents from which information responsive to this interrogatory may be ascertained.

5. Identify all communications you had with any current or former employee regarding American Airlines' role in providing or administering travel benefits, including any communications regarding any five-year credit to your age or years of service for 65-point plan calculations from 2020 to present. For each communication, identify:

(a) All participants in the communication;
(b) The date and time of the communication;
(c) The medium of communication (phone, in person, text, email, etc.); and
(d) The material facts stated in the communication.

**ANSWER AND OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks production of information that is in Defendant's possession, custody, or control, or that is equally or more easily available to Defendant from another source that is more convenient, less burdensome, or less expensive. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents from which information responsive to this interrogatory may be ascertained.

6. Identify all steps you have taken to obtain or use OAL/ZED travel benefits from 2020 to present, including identifying:

(a) The dates on which you attempted to use OAL/ZED travel benefits;
(b) The airline(s) with which you attempted to book travel;
(c) The destinations to which you attempted to travel;
(d) Whether your attempt to use OAL/ZED benefits was successful or unsuccessful;
(e) If unsuccessful, the reason given for denial of OAL/ZED benefits; and
(f) Any alternative travel arrangements you made and the cost thereof.

**ANSWER AND OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, seeks production of information that is equally or more available to Defendant from another source that is more convenient, less burdensome, or less expensive, and seeks production of information that is in Defendant's possession, custody, or control. Subject to and without waiving this objection, Plaintiff was able to use OAL/ZED travel benefits until early 2025, when she attempted to use OAL/ZED benefits to travel to Croatia. At such time, Plaintiff was able to log onto to the OAL/ZED section of her employee app, but OAL/ZED selections were grayed out and she was unable to book flights using the benefits she had been able to use for years, up until early 2025. Plaintiff was told that she did not have access to such benefits, or was not eligible for such benefits, but was never given a reason for why such benefits were now being denied or why she had enjoyed access to such benefits for almost five years after entering the VEO plan. Further answering, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents from which additional information responsive to this interrogatory may be ascertained.

7. Describe in detail all airline travel (both leisure and for work) that you have taken since 2020 to the present. For avoidance of doubt, your response should include: (i) the dates of your travel; (ii) destinations; (iii) the airline(s) you flew; (iv) the class of travel (e.g., Main Cabin, Business Class, First Class, etc.); (v) who paid for the airfare; (vi) whether you utilized any travel benefit or privilege (whether your own or someone else's) (e.g., D2R, OAL/ZED, etc.); and if so, (vii) the nature of the benefit or privilege (including whose benefit or privilege it was).

**ANSWER AND OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, is unreasonably cumulative and duplicative, seeks production of information that is equally or more available to Defendant from another source that is more convenient, less burdensome, or less expensive, and seeks production of information that is in Defendant's possession, custody, or control. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents from which information responsive to this interrogatory may be ascertained.

8. State the basis for your contention that you were eligible for 65-point travel plan benefits at the time you entered into the MSS VEO Agreement, including how you calculated your age and years of service.

**ANSWER AND OBJECTION:** Plaintiff objects to this interrogatory to the extent that it seeks production of information protected by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection, Defendant announced that it was crediting an additional five years of service time for 65-point travel plan calculations, reached out to Plaintiff to recruit her to sign up for the VEO program offer and told her that she was the only employee in Charlotte who qualified, and provided forms regarding VEO eligibility which reflected that based on Plaintiff's age, service time, and the additional five years that Piedmont credited towards VEO calculations, Plaintiff was eligible for the 65-point travel plan. Further answering, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents from which information responsive to this interrogatory may be ascertained.

9. Identify the documents you relied upon in deciding to accept Piedmont's offer of the VEO program, as alleged in Paragraph 35 of your Complaint.

**ANSWER AND OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative and duplicative. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents from which information responsive to this interrogatory may be ascertained.

10. State the basis for your contention that you would not have accepted Piedmont's offer had it not included OAL/ZED travel benefits, as alleged in Paragraph 35 of your Complaint.

__ANSWER AND OBJECTION:__ Plaintiff objects to this interrogatory to the extent that it seeks production of information protected by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection, Plaintiff and her husband love to travel and had planned to utilize full retirement benefits once they both retired at age 65. Plaintiff and her husband had planned to live abroad in retirement and having the ability to fly on all airlines was a key factor in Plaintiff and her husband's life plan. Plaintiff was satisfied with her job at the time and would have remained at Piedmont for five years longer and would have received the full OAL/ZED benefit upon retiring at such time. Because she was the only employee in Charlotte who could qualify for the full benefits under Piedmont and AA's criteria at the time, Piedmont specifically reached out to Plaintiff in 2020 to market its VEO program to her.

11. State the basis for your contention that Defendant's breach was "willful" as alleged in Paragraph 40 of your Complaint.

__ANSWER AND OBJECTION:__ Plaintiff objects to this interrogatory to the extent that it seeks production of information protected by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection, Piedmont had reached out to Defendant directly to market its VEO program to her and presented the criteria for full benefits, include OAL/ZED benefits, which Plaintiff qualified for. Plaintiff made use of OAL/ZED benefits for nearly five years after

entering the VEO, before being suddenly denied the ability to use OAL/ZED benefits in early 2025. Defendant never provided Plaintiff a notice of removal of such benefits, or an explanation for why such benefits, which she had received under the VEO and had been using for nearly five years, were no longer available to her.

12. Have you ever filed any other lawsuit or administrative complaint against Piedmont, American Airlines, or any other airline? If so, please state:

(a) Court or agency, cause number, and date of each filing;
(b) The nature of the claims asserted therein and the damages sought and awarded (if any); and
(c) The current status and/or outcome of each case.

**ANSWER AND OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Plaintiff has not filed any such lawsuits or administrative complaints.

13. Identify all current or former airline employees or representatives (whether from Piedmont, American Airlines, or other airlines) with whom you have communicated about the VEO program, travel benefits, or the allegations that are the focus of this lawsuit since 2020.

**ANSWER AND OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unreasonably cumulative and duplicative. Subject

to and without waiving this objection, Plaintiff refers to her answers to Interrogatories 3-5. Further answering, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents from which additional information responsive to this interrogatory may be ascertained.

14. State the basis for your contention that specific performance is the appropriate remedy in this case, and describe in detail how Defendant can specifically perform the MSS VEO Agreement as you allege in your First Claim for Relief.

**ANSWER AND OBJECTION:** Plaintiff objects to this interrogatory to the extent that it seeks production of information protected by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection, Piedmont can restore benefits that Plaintiff received under the VEO program and had used for nearly five years after the VEO program was entered into and agreed upon up until early 2025, when access to such benefits were removed from Plaintiff without explanation or justification.

15. Identify all trips you and/or your husband have taken using travel benefits from Piedmont or American Airlines from 2020 to the present, including the dates of travel, destinations, airlines used, and type of travel benefit utilized.

**ANSWER AND OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, seeks production of information that is equally or more

available to Defendant from another source that is more convenient, less burdensome, or less expensive, and seeks production of information that is in Defendant's possession, custody, or control. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents from which information responsive to this interrogatory may be ascertained.

16. Have you, or anyone acting on your behalf, obtained from any person or entity any report, statement, memorandum, or testimony concerning any of the matters alleged in the Complaint or in your answers to these Interrogatories? If so, state:

(a) The identity of all such persons or entities;
(b) When and where each such report, statement, memorandum, or testimony was taken;
(c) The identity of all individuals present;
(d) The method of recording; and,
(e) The identity of the person(s) having custody of each such statement, report, memorandum, or testimony.

**ANSWER AND OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks production of information protected by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection, none, other than privileged communications with legal counsel.

17. For each expert witness you intend to call at trial, state:

(a) The expert's identity;
(b) The identity of the expert's employer;

(c) The subject matter about which each such expert is expected to testify;
(d) The present occupation of each such expert;
(e) The substance of the facts to which each such expert is expected to testify;
(f) The opinions to which each such expert is expected to testify; and,
(g) A detailed summary of the grounds for each opinion.

**ANSWER AND OBJECTION:** Plaintiff objects to this interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity, and to the extent that it seeks to impose duties and obligations on Defendant with respect to expert disclosure that exceed those imposed by the North Carolina Rules of Civil Procedure. Subject to and without waiving this objection, Plaintiff states that she has not yet determined whether she will call an expert or experts at trial, and that she will provide expert witness disclosures in accordance with the North Carolina Rules of Civil Procedure, pretrial orders of the Court, and such agreements as may be reached among counsel.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents identified in your answers to Defendant's Interrogatories.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request to the extent that it is overly broad, unduly burdensome, seeks production of documents not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, is unreasonably cumulative and duplicative, and seeks production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection,

Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents responsive to this request.

2. All documents and communications (including text or social media messages) with any current or former Piedmont or American Airlines employee about the VEOPs.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks production of documents not relevant to the subject matter involved in the pending action, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, documents responsive to this request.

3. All documents and communications (including text or social media messages) with anyone about the VEOPs.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks production of documents not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, seeks production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity, and to the extent that it seeks production of documents that is in Defendant's possession, custody, or control, or that is equally or more easily available to Defendant from another source that is more convenient, less burdensome, or less expensive. Subject to and without waiving this

objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents responsive to this request.

4. All documents and communications (including text or social media messages) discussing or otherwise regarding "OAL/ZED travel benefits" as you use that term in your Complaint.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks production of documents not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, seeks production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity, and to the extent that it seeks production of documents that is in Defendant's possession, custody, or control, or that is equally or more easily available to Defendant from another source that is more convenient, less burdensome, or less expensive. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents responsive to this request.

5. All documents and communications (including text or social media messages) discussing or otherwise regarding the 65-point plan.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks production of documents not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, seeks production of documents protected by the attorney-

client privilege, work product doctrine, or any other privilege, doctrine, or immunity, and to the extent that it seeks production of information that is in Defendant's possession, custody, or control, or that is equally or more easily available to Defendant from another source that is more convenient, less burdensome, or less expensive. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents responsive to this request.

6. All documents and communications (including text or social media messages) discussing or otherwise regarding "full retiree" status as you use that term in your Complaint.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks production of documents not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents responsive to this request.

7. All documents and communications (including text or social media messages) discussing or otherwise regarding this Lawsuit.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks production of documents not relevant to the subject matter involved in the pending action, not reasonably calculated to lead to the

discovery of admissible evidence, is unreasonably cumulative and duplicative, and seeks production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents responsive to this request.

8. All documents and communications (including text or social media messages) that evidence or otherwise reflect the damages you claim you **have suffered** and for which you seek recovery in this Lawsuit.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents responsive to this request.

9. All documents and communications (including text or social media messages) that evidence or otherwise reflect the damages you claim you **will suffer** if you do not receive full retiree travel benefits, including OAL/ZED benefits.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity. Subject to

and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents responsive to this request.

10. All documents and communications (including text or social media messages) listing or otherwise discussing Frequently Asked Questions (FAQ) for the VEOPs.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents responsive to this request.

11. All copies of the MSS VEO Agreement, MSS VEO Approval Notice, and any related documents referenced therein.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it seeks production of documents that are equally or more available to Defendant from another source that is more convenient, less burdensome, or less expensive, and seeks production of documents that are in Defendant's possession, custody, or control. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, documents responsive to this request.

12. All copies of the "New VEO plan comparison (June VEO)" or similar comparison documents you received.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it seeks production of documents that are equally or more available to Defendant from another source that is more convenient, less burdensome, or less expensive, and seeks production of documents that are in Defendant's possession, custody, or control. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents responsive to this request.

13. All documents and communications that support your contention that Defendant can "specifically perform" under the MSS VEO Agreement.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, documents responsive to this request.

14. Copies of your federal and state income tax returns (or schedules thereto) for tax years 2020-2025 showing or relating to any travel benefits.

**OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks production of documents that are of a proprietary, confidential, or sensitive nature, in the absence of an appropriate protective order.

15. All documents and communications that evidence or otherwise show how you have attempted to use or otherwise obtain OAL/ZED benefits since March 2025.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents responsive to this request.

16. All boarding passes, flight itineraries, travel confirmations, or other documents evidencing travel you have taken using airline travel benefits since September 30, 2020.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks production of documents that are of a proprietary, confidential, or sensitive nature, in the absence of an appropriate protective order. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, documents responsive to this request.

17. All documents relating to any expenses you incurred as a result of being denied OAL/ZED travel benefits, including alternative travel costs.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, seeks production of documents that are of a proprietary, confidential, or sensitive nature, in the absence of an appropriate protective order, and to the extent that it seeks production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents responsive to this request.

18. All documents in your possession, custody, or control which relate to your employment with Piedmont, the VEO program, or travel benefits.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, vague, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, is unreasonably cumulative and duplicative, seeks production of documents that are equally or more available to Defendant from another source that is more convenient, less burdensome, or less expensive, seeks production of documents that are in Defendant's possession, custody, or control, and seeks production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity, and seeks production of documents that are of a proprietary, confidential, or sensitive nature, in the absence of an appropriate protective order. Subject to

and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents responsive to this request.

19. All posts from social media sites or blogs, including but not limited to Facebook, Twitter/X, LinkedIn, Instagram, TikTok, etc., which refer or relate to any of the facts, claims or defenses in this Lawsuit, your travel benefits, Piedmont, or American Airlines.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, is unreasonably cumulative and duplicative, to the extent that it seeks production of documents that are protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity, and to the extent that it seeks production of documents that are of a proprietary, confidential, or sensitive nature, in the absence of an appropriate protective order. Subject to and without waiving this objection, Plaintiff lacks documents responsive to this request.

20. All documents evidencing your eligibility calculation for the 65-point plan, including your date of birth, hire date, and any documents reflecting any five-year credit to your age or years of service.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unreasonably cumulative and duplicative. Subject

to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, documents responsive to this request.

21. All documents you contend support your allegation in Paragraph 17 of your Complaint that you had 10 years of service at the time of entering the MSS VEO Agreement.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request to the extent that it seeks production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents responsive to this request.

22. All documents pertaining to your separation from employment with Piedmont, including any exit paperwork, separation notices, or correspondence.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks production of documents not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, seeks production of documents that are equally or more available to Defendant from another source that is more convenient, less burdensome, or less expensive, seeks production of documents that are in Defendant's possession, custody, or control, and to the extent that it seeks production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents responsive to this request.

23. All documents provided to, produced by, or relied upon by any expert witness whose testimony you may use at trial.

**RESPONSE AND OBJECTION:** Defendant objects to this request to the extent that it seeks disclosure of documents protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity, and to the extent that it seeks to impose duties and obligations on Defendant with respect to expert disclosure that exceed those imposed by the North Carolina Rules of Civil Procedure. Subject to and without waiving this objection, Plaintiff states that she has not yet determined whether she will call an expert or experts at trial, and that she will provide expert witness disclosures in accordance with the North Carolina Rules of Civil Procedure, pretrial orders of the Court, and such agreements as may be reached among counsel.

24. All statements, text messages, emails, or other communications (including text or social media messages) between you, on the one hand, and your husband or any other travel companion, on the other, regarding the travel benefits at issue, the VEO program, or this Lawsuit.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks production of communications protected from disclosure by the marital communications privilege. Subject to and without waiving this objection, Plaintiff lacks documents responsive to this request.

25. To the extent not already produced in response to the other requests herein, produce all documents that you contend support any of your allegations or claims asserted in the Complaint.

**RESPONSE AND OBJECTION:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks production of information not relevant to the subject matter involved in the pending action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unreasonably cumulative and duplicative. Subject to and without waiving this objection, Plaintiff will produce for inspection and copying, at a time mutually convenient to counsel, nonprivileged documents, if any, responsive to this request.

**SUZANNE SMITH**

By: [signature]

Shawn A. Copeland (NC Bar #36345)
Charles B. Melcombe (NC Bar #54204)
COPELAND RICHARDS, PLLC
PO Box 430
Davidson, NC 28036
Phone: 704.439.4441
Fax: 704.439.4413
Email: *shawn@copelandrichards.com*
*charlie@copelandrichards.com*

***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2026, a true copy of the foregoing ANSWERS, RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SUZANNE SMITH was delivered by email, properly addressed, to:

Lauren G. Gooetzl, Esq.
Kelsey Dorton, Esq.
FISHER & PHILLIPS LLP
227 West Trade Street, Suite 2020
Charlotte, NC 28202
Phone: 704.334.4565
Fax: 704.334.9774
Email: *lgoetzl@fisherphillips.com*
*kdorton@fisherphillips.com*

***Counsel for Defendant***

Elizabeth C. Thomas, Esq.
Thomas A. Swafford, Esq.
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Phone: 817.332.2500
Fax: 817.878.9280
Email: *elizabeth.thomas@kellyhart.com*
*thomas.swafford@kellyhart.com*

***Counsel pro hac vice for Defendant***

By: Charles B. Velisle ______________________

# EXHIBIT A-21

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**FILE NO. 26CV018660-590**

| | |
|---|---|
| SUZANNE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PIEDMONT AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION TO WITHDRAW THOMAS A. SWAFFORD AS COUNSEL**

Counsel for Defendant, Piedmont Airlines, Inc. hereby moves to withdraw Thomas A. Swafford as counsel for Defendant Piedmont Airlines, Inc. Mr. Swafford is no longer affiliated with Kelly Hart & Hallman LLP. Other counsel of record with Kelly Hart & Hallman LLP and Fisher & Phillips LLP will continue to represent Defendant. Plaintiff's counsel was advised of this motion and does not object.

Dated this the 10th day of September, 2026.

Respectfully submitted,

**PIEDMONT AIRLINES, INC.,**
**by counsel,**

*/s/ Lauren G. Goetzl*

Lauren G. Goetzl (NC Bar No. 55939)
Kelsey Dorton (NC Bar No. 55256)
Fisher & Phillips LLP
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
E-mail: lgoetzl@fisherphillips.com
Email: kdorton@fisherphillips.com

Elizabeth C. Thomas (TX Bar No. 24100166)
*(admitted pro hac vice)*
Stephanie N. Garner (TX Bar No. 24142932)
(*pro hac vice* forthcoming)
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
E-mail: elizabeth.thomas@kellyhart.com
E-mail: thomas.swafford@kellyhart.com

*Attorneys for Defendant Piedmont Airlines, Inc.*

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**FILE NO. 26CV018660-590**

| | |
|---|---|
| SUZANNE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PIEDMONT AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2026, the foregoing was served upon the following by electronic mail using the eCourts electronic filing system:

Shawn A. Copeland, Esq.
Charles B. Melcombe, Esq.
Copeland Richards, PLLC
shawn@copelandrichards.com
charlie@copelandrichards.com
*Counsel for Plaintiff*

Respectfully submitted,

By: */s/ Lauren G. Goetzl*
Lauren G. Goetzl
**FISHER & PHILLIPS LLP**



Case 3:26-cv-00840-SCR-MTO Document 1-1 Filed 10/05/26 Page 162 of 206

# EXHIBIT A-22

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**FILE NO. 26CV018660-590**

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

**JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

The parties to this action, by and through undersigned counsel, and pursuant to Rule 26(c) of the North Carolina Rules of Civil Procedure, jointly move this Honorable Court for entry of a Stipulated Protective Order in this case. In support of this Motion, the parties show the Court as follows:

1. The parties anticipate and agree that discovery and litigation of their dispute will implicate information that is confidential or proprietary or that constitutes trade secrets.

2. The parties have conferred and agree that the entry of a Stipulated Protective Order is necessary to prevent and/or limit the disclosure of confidential, proprietary, or trade secret information.

3. Counsel for the parties have reviewed and agreed upon the terms of a Stipulated Protective Order, which is attached hereto as Exhibit A.

4. Entry of a Stipulated Protective Order in this case is necessary to protect all parties. Furthermore, entry of the agreed-upon Stipulated Protective Order will allow the parties to proceed with discovery without continually seeking the Court's assistance.

WHEREFORE, the parties respectfully request that this Court enter the Stipulated Protective Order submitted along with this Motion as Exhibit A, and as consented to by all parties.

This the 11th day of September, 2026.


*/s/ Elizabeth C. Thomas*
Lauren G. Goetzl (NC Bar No. 55939)
Kelsey Dorton (NC Bar No. 55256)
**FISHER & PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
E-mail: lgoetzl@fisherphillips.com
Email: kdorton@fisherphillips.com

Elizabeth C. Thomas (TX Bar No. 24100166)
*(admitted pro hac vice)*
Thomas A. Swafford (TX Bar No. 24141909)
*(admitted pro hac vice)*
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
E-mail: elizabeth.thomas@kellyhart.com
E-mail: thomas.swafford@kellyhart.com

*Attorneys for Defendant Piedmont Airlines, Inc.*

*/s/ Shawn A. Copeland*
Shawn A. Copeland
Charles B. Melcombe
**COPELAND RICHARDS, PLLC**
PO Box 430
Davidson, North Carolina 28036
Email: shawn@copelandrichards.com
Email: charlie@copelandrichards.com

*Attorneys for Plaintiff Suzanne Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2026, the foregoing document was filed with the eCourts electronic filing system, which will provide service by email to the following:

Shawn A. Copeland
Charles B. Melcombe
**COPELAND RICHARDS, PLLC**
PO Box 430
Davidson, North Carolina 28036
Email: shawn@copelandrichards.com
Email: charlie@copelandrichards.com
*Counsel for Plaintiff*

By: */s/ Elizabeth C. Thomas*

# EXHIBIT A

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**FILE NO. 26CV018660-590**

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

**STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

The parties anticipate that documents, testimony, and information containing or reflecting confidential, proprietary, and/or commercially sensitive information will be disclosed or produced during the course of discovery in this matter and that good cause exists for the entry of an Order governing disclosure and use of such documents and information. Accordingly, the parties stipulate to the terms of this Order and request that the Court enter this Order setting forth the conditions for treating, producing, obtaining, and using such information.

Pursuant to Rule 26(c) of the North Carolina Rules of Civil Procedure, the Court finds good cause for the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order"). Upon agreement of counsel, and deeming it just and proper to do so, the Court enters the following ORDER:

1. This Order governs the handling and disclosure of all materials produced, given or filed herein by the parties and designated as "CONFIDENTIAL" ("Confidential Information").

2. Any party producing documents, material or other information (collectively "Information") in this litigation which that party reasonably believes is confidential, sensitive and/or proprietary and the public disclosure of which would be harmful to that party, may designate

such Information, or any part thereof, as "CONFIDENTIAL." Any discovery material designated Confidential Information shall be clearly marked by the producing party with the word "CONFIDENTIAL" on each page or object so designated. Any third party to this action that is requested or compelled to produce or disclose information in the course of discovery may produce or disclose such information subject to and in compliance with the terms of this Order and will be treated as a producing party for purposes of the protections described herein. The party who has produced documents and made such designations is hereinafter referred to as the "Designating Party."

3. "Confidential Information" as used herein includes, but is not necessarily limited to:

a. All information produced regarding any current or former employee of either party, including, but not limited to, information regarding investigations, complaints and discipline related to any such employee(s), any medical information relating to such employee(s), information containing social security numbers, dates of birth, banking information or similar sensitive information of such employee(s), records of such employee(s)' payroll, overtime, wages, or hours worked and any other sensitive information regarding the employee(s);

b. All proprietary, financial or other sensitive information, which is not generally accessible to the public, is entitled to an expectation of privacy, and is otherwise treated by a party or third party as confidential; and

c. Any other information a party, in good faith and in concert with the spirit and intent of this Order, deems "Confidential Information" as discovery progresses in this matter.

4. Should a party object to the designation of any material as "Confidential Information," that party may apply to the Court for a ruling on the propriety or legitimacy of the designation. Unless and until the Court enters an Order changing the designation of the material, it shall be treated as designated by the producing party.

5. Except upon further Order of the Court, Confidential Information shall not be reviewed, disclosed or released to anyone other than:

a. The Court, including Court assistants, staff, and other Court personnel;

b. Counsel for the parties to this action, including corporate counsel, their legal assistants, paralegals and other law firm staff members and employees;

c. Consultants or experts retained by the parties or their counsel to assist them in the preparation of this case;

d. The parties to this action and officers, directors, administrators or employees of the parties who are actively participating in the prosecution or defense of this action;

e. Court reporters or videographers engaged to record depositions, hearings or trials in this action;

f. Witnesses during their depositions; and

g. Outside companies engaged by counsel for the parties to photocopy such confidential documents.

6. If any Confidential Information is provided inadvertently to a discovering party without being marked as Confidential in accordance with the terms of this Order, the failure to so mark the Information shall not be deemed a waiver of the right to assert confidentiality. A party may designate the Information as Confidential Information at a later date as soon as the failure to designate is discovered, at which time the provisions of this Order shall apply prospectively to such information. Such retroactive designations may be made only for Confidential Information that is produced after entry of this Order, unless both parties agree to such designations of Information produced prior to the entry of this Order.

7. The restrictions set forth in the preceding paragraphs shall not apply to Information which:

a. is or becomes disclosed to the public other than through violation of this Stipulated Protective Order, provided, however, that Confidential Information shall not lose its Confidential status by reason of its use or disclosure in any proceeding in this litigation;

b. is shared with the individual whose Confidential Information is in the Information; or

c. was lawfully possessed by the non-producing party before discovery in this action.

8. A party that desires to disclose Confidential Information is hereinafter referred to as the "Disclosing Party." If a party desires to disclose any Confidential Information to any person not described in paragraph 5 of this Order, counsel for the Disclosing Party shall inform in writing counsel for the Designating Party at least ten (10) days in advance of such disclosure (or such other time as agreed by the parties in writing) of the intent so to disclose, including a general description

of the materials to be disclosed, the designation given to such material, and the name and address of the person to whom the disclosure is to be made. If the Designating Party gives notice of objection to such disclosure within the prescribed ten (10) day period, such objection must be resolved by the Court before the disclosure may be made. In the event of any such objection, the Disclosing Party shall bear the burden of moving for resolution of the dispute by the Court for a ruling on the propriety or legitimacy of the disclosure. Until and unless the Court enters an Order changing the designation of the material, the Disclosing Party shall not disclose the Confidential Information.

9. Disclosure of Confidential Information pursuant to this Order shall be handled as follows:

a. Any person described in subparagraphs 5(a), (b), (d), (e), and (f) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement; and

b. Prior to making disclosures to any person set forth in subparagraph 5(c) of this Order, the party disclosing the Confidential Information shall inform any persons to whom disclosure is made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by this Order. The parties shall obtain from such persons a written statement in the form of the Agreement attached as an exhibit to this Order. A record of all persons to whom disclosures are made shall be kept and all the written statements signed by those persons shall be retained in the possession, custody, and control of counsel by whom

the person is retained. All Confidential Information, and any documents containing such Confidential Information, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

10. The production or disclosure of Confidential Information pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of Confidential Information during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the North Carolina Rules of Civil Procedure or the North Carolina Rules of Evidence in connection with any proceeding in this action. Additionally, nothing in this Protective Order shall require disclosure of material which is protected by the attorney-client privilege and/or the work product doctrine.

11. If a party wishes to include Confidential Information in any filing with the Court, that party shall file the filing with the Confidential Information redacted and shall contemporaneously serve unredacted copies of the filing on counsel for each other party, submit an unredacted copy to the Court, and request that the Court place the document under seal and appropriately mark the document (or portion thereof) to indicate that it is subject to the terms of this Order.

12. No Confidential Information produced pursuant to this Order shall be used for any purpose other than for relevant and proper prosecution or defense of this litigation.

13. The inadvertent, unintentional or in camera disclosure of Confidential documents and Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

14. With the exception of materials, information, and documents maintained in sealed records of the Court in accordance with paragraph 11 above, within fifteen (15) days after entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties, parties' counsel, their staff, and all experts and/or consultants for the parties shall return (or, with consent of the opposing counsel, destroy) all confidential documents produced pursuant to this Order (including all copies of the same) to the party producing said documents with a written certification by the party's counsel of record that all such documents and copies of the same have, in fact, been returned (or, with opposing counsel's consent, destroyed); provided, however, that counsel shall be permitted to maintain one copy of each such document for their case files, which shall continue to be subject to the terms of this Order.

15. This Protective Order shall not prevent any party from applying to the Court for relief herefrom, or from applying to the Court for further and additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

16. Each person who receives Confidential Information submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

So ORDERED this the ____ day of ______________, 2026.

______________________________
Superior Court Judge Presiding

WE SO CONSENT:

*/s/ Elizabeth C. Thomas*
Lauren G. Goetzl (NC Bar No. 55939)
Kelsey Dorton (NC Bar No. 55256)
**FISHER & PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
E-mail: lgoetzl@fisherphillips.com
Email: kdorton@fisherphillips.com

Elizabeth C. Thomas (TX Bar No. 24100166)
*(admitted pro hac vice)*
Thomas A. Swafford (TX Bar No. 24141909)
*(admitted pro hac vice)*
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
E-mail: elizabeth.thomas@kellyhart.com
E-mail: thomas.swafford@kellyhart.com

*Attorneys for Defendant Piedmont Airlines, Inc.*

*/s/ Shawn A. Copeland*
Shawn A. Copeland
Charles B. Melcombe
**COPELAND RICHARDS, PLLC**
PO Box 430
Davidson, North Carolina 28036
Email: shawn@copelandrichards.com
Email: charlie@copelandrichards.com

*Attorneys for Plaintiff Suzanne Smith*

# EXHIBIT A

**Agreement concerning material covered by a Protective Order entered in the General Court of Justice, Superior Court Division, Mecklenburg County**

I, ________________________________________, the Undersigned, acknowledge that I have read the Protective Order entered by the Court dated ______________ ____, 2026, in the civil action entitled *Suzanne Smith v. Piedmont Airlines, Inc.*, File No. 26CV018660-590, pending in the General Court of Justice, Mecklenburg County Superior Court, understand the terms thereof, and agree to be bound by such terms.

The undersigned hereby acknowledges that he or she is subject to the jurisdiction of the Superior Court of Mecklenburg County with regard to this Protective Order and understands (1) the violation of the Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

# EXHIBIT A-23

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

FILED
DATE: September 14, 2026
TIME: 3:08:37 PM
MECKLENBURG COUNTY
CLERK OF SUPERIOR COURT
BY: R. Smith

**ORDER**

For the reasons set forth in Defendant's Motion to Withdraw Thomas A. Swafford as Counsel and for good cause shown, Defendant's motion is granted. Thomas A. Swafford shall be removed as counsel of record. Other counsel of record with Kelly Hart & Hallman LLP and Fisher & Phillips LLP will remain as counsel for Defendant. 9/12/2026 10:13:16 AM

This the ____ day of September 2026

9/12/2026

Superior Court Judge Presiding

# EXHIBIT A-24

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

**MOTION FOR *PRO HAC VICE* ADMISSION OF**
**<u>STEPHANIE N. GARNER</u>**

Pursuant to Section 84-4.1 of the North Carolina General Statutes, the below signed counsel for Defendant Piedmont Airlines, Inc., Lauren G. Goetzl, hereby moves this Court for an Order admitting Stephanie N. Garner of Kelly Hart & Hallman LLP ("Applicant") for admission *pro hac vice* to represent Piedmont Airlines, Inc. in the above-captioned matter. Applicant is domiciled in the State of Texas, with a professional address of 201 Main Street, Suite 2500, Fort Worth, Texas 76102. Applicant is a member of good standing of the Texas State Bar (No. 24142932) and is admitted to practice before the following courts:

| **Court** |
|---|
| Texas State Court |
| United States District Court for the Northern District of Texas |

Applicant's Declaration and Piedmont Airlines, Inc.'s Statement in support of this Motion are attached hereto as Exhibit A and Exhibit B, respectively.

Plaintiff consents to Applicant's being admitted *pro hac vice*. A copy of counsel's consent is attached hereto as Exhibit C. No other parties have made an appearance.

Pursuant to N.C. Gen. Stat. § 84-4.1(5), as co-counsel in this matter and a resident of North Carolina and a member of good standing of the North Carolina State Bar, I will personally appear with Applicant. Additionally, I will file a registration statement with Nort Carolina State Bar within thirty (30) days of the admission of Stephanie N. Garner, as required by the State Bar (27 N.C.A.C. 1H, Section .0101).

Respectfully submitted this 23rd day of September 2026.


By: _/s/ Lauren G. Goetzl_
Lauren G. Goetzl (NC Bar No. 55939)
Kelsey Dorton (NC Bar No. 55256)

**FISHER & PHILLIPS LLP**

227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
E-mail: lgoetzl@fisherphillips.com
Email: kdorton@fisherphillips.com

*Attorneys for Defendant Piedmont Airlines, Inc.*

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2026, the foregoing was served upon the following by electronic mail using the eCourts electronic filing system:

Shawn A. Copeland, Esq.
Charles B. Melcombe, Esq.
Copeland Richards, PLLC
shawn@copelandrichards.com
charlie@copelandrichards.com
*Counsel for Plaintiff*

Respectfully submitted,

By: */s/ Lauren G. Goetzl*
Lauren G. Goetzl
**FISHER & PHILLIPS LLP**

# EXHIBIT A

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

**DECLARATION OF STEPHANIE N. GARNER**
**IN SUPPORT OF MOTION FOR *PRO HAC VICE* ADMISSION**

I, Stephanie N. Garner, declare as follows:

1. I am a member of the law firm of Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102.

2. I am admitted to practice before the Courts of the State of Texas and federal court, as follows:

| **Court** |
|---|
| Texas State Court |
| United States District Court for the Northern District of Texas |

3. I am in good standing in all the courts where I have been admitted.

4. Unless otherwise permitted to withdraw sooner by Order of the Court, I will continue to represent Defendant Piedmont Airlines, Inc. in this proceeding until its final determination or other disposition, and that with reference to all matters incident to this proceeding, I agree to be subject to the Orders and amenable to the disciplinary action and civil jurisdiction of the General Court of Justice and the North Carolina State Bar in all respects as if I was a regularly admitted and a licensed member of the North Carolina Bar in good standing.

5. The State of Texas grants *pro hac vice* privileges to members of the North Carolina Bar in good standing.

6. I have associated and am personally appearing in this proceeding with Lauren G. Goetzl, who is a resident of the State of North Carolina, and has agreed to be responsible for filing a registration statement with the North Carolina State Bar, and is duly and legally admitted to practice in the General Court of Justice of North Carolina and upon whom service may be had in all matters connected with legal proceedings, or any disciplinary matters, with the same effect as if personally made on me within this State.

7. I have never been disbarred, suspended, or had any previous *pro hac vice* admissions revoked.

8. I declare under penalty of perjury that the foregoing is true and correct.

This 23rd day of September, 2026.

*<u>/s/ Stephanie N. Garner</u>*
Stephanie N. Garner
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
E-mail: stephanie.garner@kellyhart.com

*Attorney for Defendant Piedmont Airlines, Inc.*

# EXHIBIT B

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

**CLIENT STATEMENT REGARDING**
**REPRESENTATION OF STEPHANIE N. GARNER**

I, Ryan Borger, declare as follows:

1. I am over 18 years of age, under no disability, and have personal knowledge of the facts set forth herein.

2. I am a resident of the Commonwealth of Pennsylvania.

3. I am the General Counsel and Senior Director of Administration for Defendant Piedmont Airlines, Inc.

4. My corporate address is 5443 Airport Terminal Road, Salisbury, Maryland 21804.

5. The States of Texas grants *pro hac vice* privileges to members of the North Carolina Bar in good standing.

6. Defendant Piedmont Airlines, Inc. has retained Lauren G. Goetzl of Fisher & Phillips LLP, 227 West Trade Street, Suite 2020, Charlotte, North Carolina 28202, to represent the corporation in this proceeding. Ms. Goetzl has already filed an appearance.

7. Defendant Piedmont Airlines, Inc. has also retained Ms. Goetzl's co-counsel, Elizabeth C. Thomas (admitted *pro hac vice*) and Stephanie N. Garner of Kelly Hart & Hallman

LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102, to represent the corporation in this proceeding.

8. The above information is true to the best of my knowledge and belief.

*/s/ Ryan Borger*
Ryan Borger
On behalf of Piedmont Airlines, Inc.

Date: September 23, 2026

# EXHIBIT C

| | |
|---|---|
| **From:** | Shawn Copeland |
| **To:** | Elizabeth C. Thomas; Charlie B. Melcombe; Mitta Isley |
| **Cc:** | Goetzl, Lauren; Dorton, Kelsey; Stephanie N. Garner |
| **Subject:** | Re: Piedmont / Smith -- New attorney |
| **Date:** | Tuesday, September 8, 2026 11:48:06 AM |
| **Attachments:** | image001.gif |

**EXTERNAL SENDER ALERT - This message originated outside the Kelly Hart domain. Please exercise caution when opening attachments, following links or responding to this message.**

No opposition to either motion, Lizzy.

Best,
Shawn

Shawn A. Copeland
**Copeland Richards, PLLC**
Attorneys at Law
215 S. Main St., Ste. 301 (Physical)
PO Box 430 (U.S. Mail)
Davidson, NC 28036
Tel: 704.439.4441
Fax: 704.439.4413
shawn@copelandrichards.com
www.copelandrichards.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail is confidential and is intended for the use of the individual or entity to whom/which it is being sent. If the reader of this message is not the intended recipient (or the employee or agent responsible to deliver it to the intended recipient), you are hereby notified that any dissemination, distribution or copying of this communication to anyone other than the addressee is prohibited without the express written permission of the author. If you have received this communication in error, please notify the sender. Thank you.

**From:** Elizabeth C. Thomas <elizabeth.thomas@kellyhart.com>
**Date:** Tuesday, September 8, 2026 at 12:37 PM
**To:** Charlie B. Melcombe <charlie@copelandrichards.com>; Shawn Copeland

<Shawn@copelandrichards.com>; Mitta Isley <Mitta@copelandrichards.com>
**Cc:** Goetzl, Lauren <lgoetzl@fisherphillips.com>; Dorton, Kelsey
<kdorton@fisherphillips.com>; Stephanie N. Garner <Stephanie.Garner@kellyhart.com>
**Subject:** Piedmont / Smith -- New attorney

Charlie and Shawn,

Please be advised that Thomas has left our firm, so we will be filing a motion to withdraw as counsel on his behalf. We will also be preparing a motion to appear PHV for Stephanie Garner (copied).

Please let us know if you oppose either motion. Thanks.

Lizzy

**Elizabeth C. Thomas**
*Partner*

201 MAIN STREET, SUITE 2000
FORT WORTH, TEXAS 76102
TELEPHONE (817) 878-9380
FAX (817) 878-9860
elizabeth.thomas@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

# EXHIBIT A-25

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

SUZANNE SMITH,

Plaintiff,

v.

PIEDMONT AIRLINES, INC.,

Defendant.

## MOTION FOR *PRO HAC VICE* ADMISSION OF TYSON M. LIES

Pursuant to Section 84-4.1 of the North Carolina General Statutes, the below signed counsel for Defendant Piedmont Airlines, Inc., Lauren G. Goetzl, hereby moves this Court for an Order admitting Tyson M. Lies of Kelly Hart & Hallman LLP ("Applicant") for admission *pro hac vice* to represent Piedmont Airlines, Inc. in the above-captioned matter. Applicant is domiciled in the State of Texas, with a professional address of 201 Main Street, Suite 2500, Fort Worth, Texas 76102. Applicant is a member in good standing of the Texas State Bar (No. 24087927) and is admitted to practice before the following courts:

| **Court** |
|---|
| Texas State Courts |
| United States District Court for the Northern District of Texas |
| United States District Court for the Eastern District of Texas |
| United States District Court for the Southern District of Texas |
| United States District Court for the Western District of Texas |
| United States District Court for the District of Montana |

Applicant's Declaration and Piedmont Airlines, Inc.'s Statement in support of this Motion are attached hereto as Exhibit A and Exhibit B, respectively.

Plaintiff consents to Applicant being admitted *pro hac vice*. A copy of counsel's consent is attached hereto as Exhibit C. No other parties have made an appearance.

Respectfully submitted this 23rd day of September 2026,

By: */s/ Lauren G. Goetzl*
Lauren G. Goetzl (NC Bar No. 55939)
Kelsey Dorton (NC Bar No. 55256)

**FISHER & PHILLIPS LLP**

227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
E-mail: lgoetzl@fisherphillips.com
Email: kdorton@fisherphillips.com

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

| | |
|---|---|
| SUZANNE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PIEDMONT AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2026, the foregoing was served upon the following by electronic mail using the eCourts electronic filing system:

Shawn A. Copeland, Esq.
Charles B. Melcombe, Esq.
Copeland Richards, PLLC
shawn@copelandrichards.com
charlie@copelandrichards.com
*Counsel for Plaintiff*

Respectfully submitted,

By: */s/ Lauren G. Goetzl*
Lauren G. Goetzl
**FISHER & PHILLIPS LLP**

# EXHIBIT A

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV018660-590

SUZANNE SMITH, )
)
Plaintiff, )
)
v. )
)
PIEDMONT AIRLINES, INC., )
)
Defendant. )
)

**DECLARATION OF TYSON M. LIES**
**IN SUPPORT OF MOTION FOR *PRO HAC VICE* ADMISSION**

I, Tyson M. Lies, declare as follows:

1. I am a member of the law firm of Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102.

2. I am admitted to practice before the Courts of the State of Texas and the federal courts, as follows:

| **Court** |
|---|
| United States District Court for the Northern District of Texas |
| United States District Court for the Eastern District of Texas |
| United States District Court for the Southern District of Texas |
| United States District Court for the Western District of Texas |
| United States District Court for the District of Montana |

3. I am in good standing in all the courts where I have been admitted.

4. Unless otherwise permitted to withdraw sooner by Order of the Court, I will continue to represent Defendant Piedmont Airlines, Inc. in this proceeding until its final determination or other disposition, and that with reference to all matters incident to this proceeding, I agree to be subject to the Orders and amenable to the disciplinary action and civil

jurisdiction of the General Court of Justice and the North Carolina State Bar in all respects as if I was a regularly admitted and a licensed member of the North Carolina Bar in good standing.

5. The State of Texas grants *pro hac vice* privileges to members of the North Carolina Bar in good standing.

6. I have associated and am personally appearing in this proceeding with Lauren G. Goetzl, who is a resident of the State of North Carolina, and has agreed to be responsible for filing a registration statement with the North Carolina State Bar, and is duly and legally admitted to practice in the General Court of Justice of North Carolina and upon whom service may be had in all matters connected with legal proceedings, or any disciplinary matters, with the same effect as if personally made on me within this State.

7. I have never been disbarred, suspended, or had any previous *pro hac vice* admissions revoked.

8. I declare under penalty of perjury that the foregoing is true and correct.

This 23rd day of September, 2026.


*/s/ Tyson M. Lies*
Tyson M. Lies
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
E-mail: tyson.lies@kellyhart.com

*Attorneys for Defendant*
*Piedmont Airlines, Inc.*

# EXHIBIT B

| | |
|---|---|
| **STATE OF NORTH CAROLINA**<br>**COUNTY OF MECKLENBURG** | **IN THE GENERAL COURT OF JUSTICE**<br>**SUPERIOR COURT DIVISION**<br>**FILE NO. 26CV018660-590** |

SUZANNE SMITH, )
)
Plaintiff, )
)
v. )
)
PIEDMONT AIRLINES, INC., )
)
Defendant. )
)

**CLIENT STATEMENT REGARDING**
**REPRESENTATION OF TYSON M. LIES**

I, Ryan Borger, declare as follows:

1. I am over 18 years of age, under no disability, and have personal knowledge of the facts set forth herein.

2. I am a resident of the Commonwealth of Pennsylvania.

3. I am the General Counsel and Senior Director of Administration for Defendant Piedmont Airlines, Inc.

4. My corporate address is 5443 Airport Terminal Road, Salisbury, Maryland 21804.

5. The State of Texas grants *pro hac vice* privileges to members of the North Carolina Bar in good standing.

6. Defendant Piedmont Airlines, Inc. has retained Lauren G. Goetzl of Fisher & Phillips LLP, 227 West Trade Street, Suite 2020, Charlotte, North Carolina 28202, to represent the corporation in this proceeding. Ms. Goetzl has already filed an appearance.

7. Defendant Piedmont Airlines, Inc. has also retained Ms. Goetzl's co-counsel, Elizabeth C. Thomas (admitted *pro hac vice*) and Tyson M. Lies of Kelly Hart & Hallman LLP,

201 Main Street, Suite 2500, Fort Worth, Texas 76102, to represent the corporation in this proceeding.

8. The above information is true to the best of my knowledge and belief.

/s/ Ryan Borger
Ryan Borger
On behalf of Piedmont Airlines, Inc.

Date: September 23, 2026

# EXHIBIT C

**From:** Charlie B. Melcombe
**To:** Elizabeth C. Thomas; Shawn Copeland
**Cc:** Goetzl, Lauren; kdorton@fisherphillips.com; Tyson M. Lies; Stephanie N. Garner
**Subject:** Re: Piedmont / Smith
**Date:** Friday, September 11, 2026 4:14:45 PM

**EXTERNAL SENDER ALERT - This message originated outside the Kelly Hart domain. Please exercise caution when opening attachments, following links or responding to this message.**

Lizzy:

Thanks for the heads up. Will do. Wishing you the best and hope everything goes well on the medical front.

Will be in touch next week with our document production.

Have a good weekend.

Respectfully,
Charles B. Melcombe
Attorney at Law
COPELAND RICHARDS
215 S. Main Street, Suite 301
PO Box 430
Davidson, NC 28036
Tel: 704.439.4441
Fax: 704.439.4413
charlie@copelandrichards.com
www.copelandrichards.com
CONFIDENTIALITY NOTICE: This electronic communication (including attachments) may contain attorney privileged and confidential information intended only for the use of the named recipient. If you are not the intended recipient, you are prohibited from disseminating, distributing or copying this communication. If you have received this communication in error, please immediately notify us by return message or by telephone at 704.439.4441 and delete this communication from your system. Thank you.

---

**From:** Elizabeth C. Thomas <elizabeth.thomas@kellyhart.com>
**Date:** Friday, September 11, 2026 at 5:02 PM
**To:** Shawn Copeland <Shawn@copelandrichards.com>; Charlie B. Melcombe <charlie@copelandrichards.com>
**Cc:** Goetzl, Lauren <lgoetzl@fisherphillips.com>; kdorton@fisherphillips.com <kdorton@fisherphillips.com>; Tyson M. Lies <Tyson.Lies@kellyhart.com>; Stephanie N. Garner <Stephanie.Garner@kellyhart.com>
**Subject:** Piedmont / Smith

Shawn and Charlie,

I wanted to let you know that I will be out starting Monday for a medical issue. At this point I don't know my timeline, so I have asked my partner, Tyson Lies, to step in for me. Please include him on all correspondence going forward. Thank you.

Lizzy


**Elizabeth C. Thomas**
*Partner*

201 MAIN STREET, SUITE 2000
FORT WORTH, TEXAS 76102
TELEPHONE (817) 878-9380
FAX (817) 878-9860
*elizabeth.thomas@kellyhart.com*
*www.kellyhart.com*



CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

# EXHIBIT A-26

FILED
DATE: September 24, 2026
TIME: 2:57:35 PM
MECKLENBURG COUNTY
CLERK OF SUPERIOR COURT
BY: S. Anthony

| | |
|---|---|
| **STATE OF NORTH CAROLINA**<br>**COUNTY OF MECKLENBURG** | **IN THE GENERAL COURT OF JUSTICE**<br>**SUPERIOR COURT DIVISION**<br>**FILE NO. 26CV018660-590** |

SUZANNE SMITH, )
)
Plaintiff, )
)
v. )
)
PIEDMONT AIRLINES, INC., )
)
Defendant. )
)

**ORDER ON MOTION FOR PRO HAC VICE ADMISSION OF TYSON M. LIES**

THIS MATTER is before the Court on the Motion for Pro Hac Vice Admission of Tyson M. Lies, filed by Lauren G. Goetzl of the law firm of Fisher & Phillips LLP in the above-referenced case ("Motion"). After review of the Motion, and noting Plaintiff's consent thereto, the Court finds the Motion complies with the statutory requirements for petitions for the limited admission of out-of-state attorneys set forth in section 84-4.1 of the North Carolina General Statutes, N.C. Gen. Stat. § 84-4.1. According, the Court **GRANTS** the Motion, subject to payment of the statutory admission fees.

IT IS ORDERED that within thirty (30) days of the entry of this Order, Lauren G. Goetzl shall submit a Registration Statement to the North Carolina State Bar through the North Carolina State Bar Online Portal, as required by 27 N.C.A.C. 1H, Section .0101, and all required documentation.

SO ORDERED this ______ September, 2026. 9/24/2026 12:30:37 PM

William T Stetzer

Superior Court Judge Presiding
William Stetzer